## George Epley et al., Appellants, v. Lawrence Epley, Appellee.

1. WILLS—*admission of will to probate as vesting freehold in devisees.* The effect of an order admitting a will to probate is to vest in the devisees any freehold disposed of directly or indirectly by the^will.

2. APPEAL AND ERROR—*dismissal· for want of prosecution of bill to set aside probate of will as appealable directly to Supreme Court.* A bill which seeks to set aside the probate of a will, and hence to divest the devisees of their title to the land devised, involves a question of freehold, and an appeal from the dismissal of such bill for want of prosecution must be taken directly to the Supreme Court.

Appeal by plaintiffs from the Circuit Court of Gallatin county; the Hon. C. H. MILLER, Judge, presiding. Heard in this court at the March term, 1927. Cause transferred to Supreme Court. Opinion filed April 12, 1927.

BEX A. TRIMBLE and WILLIAM DENTON, for appellants.

DAVID T. ROSENTHAL, JOE A. PEARCE and THOS. H. DAILY, for appellee.

Mr. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Appellants filed a bill to contest the last will and testament of Jarrett Epley, which was admitted to probate by the county court of Gallatin county. On motion of appellee the court dismissed the bill for want of prosecution at appellants' costs. The record discloses that the will purports to dispose of real estate of the value of $15,000.

The effect of the order admitting the will to probate was to vest the freehold in the devisees. *Craig v. Trotter,* 252 Ill. 228–230. The bill sought to cancel and set aside the will and to thereby divest the devisees of their title. A freehold is involved when it is sought to cancel a deed purporting to convey the freehold as

a cloud on complainant's title. *Gits v. Ullrich,* 288 Ill. 527–531.

A freehold is involved, on appeal from an order admitting a will to probate, even though the will does not, in terms, devise real estate, if it appears from the record that the deceased owned real estate which would pass under the residuary clause of the will. *Senn v. Gruendling,* 218 Ill. 458; *Craig v. Trotter,* 252 Ill. 228. Where a bill attacks the validity of a clause of the will devising real estate to trustees, a freehold is involved and an appeal lies to the Supreme Court from a decree dismissing the bill on demurrer for want of equity. *French v. Calkins,* 252 Ill. 243.

An appeal from a decree dismissing a bill for specific performance of a contract for the sale of land should be taken directly to the Supreme Court. *Powell v. Huey,* 241 Ill. 132. Where a bill to contest a will was dismissed for want of prosecution, the Supreme Court entertained an appeal and passed upon the case. *Yott v. Yott,* 257 Ill. 419.

A freehold is involved in the present appeal and this court is without jurisdiction. If we should assume to pass upon the question presented and the case should reach the Supreme Court it would be remanded with directions to order the appeal transferred to that court. *Powell v. Huey, supra.*

The clerk of this court is directed to transmit the transcript of the record and all files in this cause to the clerk of the Supreme Court, together with a copy of this opinion and the order of transfer, without delay.

*Cause transferred to Supreme Court.*