(No. 18770.—▉▉▉▉▉▉)

KATHERINE HAVILL, *et al.* Plaintiffs in Error, *vs.* THERESA
E. HAVILL, *et al.* Defendants in Error.

*Opinion filed October 25, 1928.*

Edward Maher, and Jacob G. Grossberg, for plaintiffs in error.

McCulloch & McCulloch, and Timothy J. Fell, for defendants in error.

Mr. Justice Dunn delivered the opinion of the court:

A bill was filed on May 8, 1919, in the circuit court of Cook county, to contest the will of George B. Havill, who died March 29, 1913, and whose will was admitted to probate on December 11, 1918. He left a widow, Theresa E. Havill, and his heirs were his children, George Havill and Mary Havill Karl, who were the contestants of his will. The complainant George Havill died on October 9, 1924, intestate, leaving Katherine Havill, his widow, and one son, George, his heir. The death of the complainant George Havill was suggested, and his widow and heir moved the court to substitute them as complainants in his stead. The court overruled this motion and sustained a motion made by Mary Havill Karl, the surviving co-complainant, to dismiss

the suit at her costs. The widow and heir of the deceased complainant have sued out this writ of error.

The question for decision is whether the proviso added to section 7 of the Statute of Wills by the amendment of 1919 in a case where a testator died before the amendment took effect and an heir began a suit to contest the will but died before its final determination, authorized the substitution of the heirs of the contestant and the prosecution of the suit by them. The amendment, which became effective July 1, 1919, added the following proviso to the section: *"And provided further,* that in case any person interested in any will, testament or codicil shall begin a suit to contest any such will, testament or codicil, and shall die before the final determination of such suit or contest, the cause of action, suit or contest shall not on that account abate, but such suit, cause of action or contest shall survive and descend to the heir, legatee, devisee, executor, administrator, grantee or assignee of such deceased interested person; and the death of such interested person may be suggested on the record and such heir, legatee, devisee, executor, administrator, grantee or assignee of such deceased interested person, may be substituted as complainant, plaintiff, petitioner or as defendant in such suit, contest or action, and the cause of action, suit or contest proceed as though such substituted parties had been originally joined as complainants, plaintiffs, petitioners or defendants as the case may be. And in all such trials by jury as aforesaid the oath of the subscribing witnesses taken, reduced to writing and filed in court at the time of the first probate, properly certified to, shall be admitted as evidence and have such weight as the jury shall think it may deserve." (Laws of 1919, p. 992.)

The plaintiffs in error contend that the changes effected by this amendment were changes in procedure affecting the remedy, only, and therefore applied to actions pending, which should proceed in the manner provided in the new law. If the premise is true the conclusion will follow, but

there is no basis for the premise. No change in procedure is suggested. In the cases to which the amendment relates there is no change of procedure, but it is directed that "the cause of action, suit or contest proceed as though such substituted parties had been originally joined as complainants, plaintiffs, petitioners or defendants as the case may be." The right to contest a will is not cognizable by a court of chancery in the exercise of its ordinary equitable jurisdiction. The right is purely statutory. Section 7 of the Statute of Wills created the right, which exists only by virtue of the statute, to be exercised only in the time prescribed and by the persons authorized by the statute. It was a personal privilege extended to those interested pecuniarily, to be exercised in the manner and time fixed. It was not assignable by deed or otherwise, did not pass by inheritance or devise, and could not be maintained by anyone except a person interested at the time the will was admitted to probate. (*Storrs* v. *St. Luke's Hospital,* 180 Ill. 368; *Selden* v. *Illinois Trust and Savings Bank,* 239 id. 67.) By the amendment it was provided that in case any such person should begin a suit to contest a will and die before its final determination, the cause of action and the suit should not abate but should survive to the heir or other representative of the deceased person and might be revived in the name of such heir or other representative. This was the creation of a new cause of action in favor of the heir or other representative of the deceased person who had begun a suit in his lifetime to contest a will.

The survival of a cause of action and the revival of a suit are different things. The survival of a cause of action is a matter of substance—not of procedure. (*Ex parte Schreiber,* 110 U. S. 76.) The right to proceed against the representatives of a deceased person depends not on forms and modes of proceeding in a suit but on the nature of the cause of action for which the suit is brought. The survival of a cause of action is a property right; the re-

vival of a suit upon the death of a party is a matter of procedure. (*Warren* v. *Furstenhein,* 35 Fed. 691.) There can be no revival of an action, suit or proceeding after the death of a plaintiff, petitioner or complainant unless the cause of action survived the death.

The devolution of property by descent or will is wholly statutory. The amendment of 1919 provided for the survival of the right to contest a will, not in all cases but only in cases in which a suit to contest the will had been begun by a person entitled to contest it who had died before the determination of the suit. In that case, only, it was provided the suit should survive to the heirs or other representatives of the deceased complainant, and the suit might be revived in the name of the heirs or other representatives. The amendment is peculiar in that it did not give the heir, or other representative of an heir who was entitled to contest the will, the right to begin himself an original suit to contest the will when the immediate heir of the testator had not himself begun such suit in his lifetime. A will speaks from the death of the testator. At the moment of his death the rights of his heirs and devisees to succeed to his estate are fixed and vested beyond the power of the legislature to change. On the death of George B. Havill all of his property vested at once in the devisees named in his will and none of it in his son and daughter, the complainants in the bill to contest his will, because they were not mentioned in the will.

The plaintiffs in error, in contending that the amendment of section 7 related to a change in procedure only, say a proceeding to contest a will is one relating to proof or probate of the will, and that it is sufficient to cite the case of *People* v. *Clark,* 283 Ill. 221, on this question; that at the time the amendment was enacted there had been no judicial determination in favor of the defendants in error, and all they had was a possibility or expectancy that if the then rule of procedure remained, the will might eventually

be proved or the contestant might die without a final adjudication. The court in that case announced the principle that the legislature cannot pass a retrospective law impairing the obligation of a contract nor can it deprive a citizen of any vested right by a mere legislative act, citing *Dobbins* v. *First Nat. Bank,* 112 Ill. 553. The plaintiffs in error rely upon the language then quoted in the opinion from Lewis' Sutherland on Statutory Construction (vol. 1, 2d ed. sec. 284) : "This is a principle of general jurisprudence, but a right to be within its protection must be a vested right. It must be something more than a mere expectation, based upon an anticipated continuance of the existing law. It must have become a title, legal or equitable, to the present or future enjoyment of property or to the present or future enjoyment of the demand, or a legal exemption from a demand made by another. If, before rights become vested in particular individuals, the convenience of the State induces amendment or repeal of the laws, these individuals have no cause to complain."

A proceeding to contest a will has nothing to do with the probate or proof of the will. Its object is to set aside probate of the will. Section 2 of the Statute of Wills provides for the manner and effect of the probate, and it declares that every will, testament or codicil, when thus proved to the satisfaction of the court, shall be good and available in law for the granting, conveying and assuring the lands, tenements and hereditaments, annuities, rents, goods and chattels therein and thereby devised, granted and bequeathed. The effect of the probate of a will is to vest the title in the devisee as completely as a deed from the owner of property vests the title in his grantee and is subject to no greater contingency. Either may be set aside upon a bill filed for that purpose if a legal cause for setting it aside is shown. Section 7 authorizes the contest of a will, but such contest has no more effect on the title vested by the will until a final decree is rendered in the cause than a bill filed

to set aside a deed has upon the title vested by a deed before final decree in the cause. A title vested by a will is as completely vested as one vested by deed and is subject to the same contingency of being set aside, and no other. The case of *People* v. *Clark, supra,* contains nothing at variance with this rule. To extend the right to contest the will after the estate had thus vested and permit the property to be taken from the devisees by a contest of the will authorized by law passed subsequent to the death of the testator, would be to deprive the devisees of their property by a mere act of the legislature and not by due process of law. The right to hold the property under the will free from any liability to contest by anyone not legally entitled to contest the will at the death of the testator is a vested right, which cannot be taken away by legislative enactment. Section 4 of chapter 131 of the Revised Statutes enacts that no new law shall be construed in any way whatever to affect any offense committed or act done, or any penalty, forfeiture or punishment incurred, or any right accrued or claim arising before the law takes effect, saving only that the proceedings thereafter shall conform, so far as practicable, to the laws in force at the time of such proceeding. Under this statute the amendment of 1919 cannot be construed to affect the rights of the defendants in error under the testator's will. It cannot be given a retrospective operation so as to apply to wills which became effective before its passage. It is a well settled rule of statutory construction that the statute will not be given a retrospective effect unless the intention of the legislature to give it such effect is clearly shown. The language of the amendment of 1919 does not indicate any intention on the part of the legislature that it should have any retrospective effect. In accordance with the general rule of interpretation it must be held to apply only to cases arising in the future and not to the wills of testators who had died in the past.

The decree is affirmed.

*Decree affirmed.*