(No. 19662.

MARY M. HACK, Defendant in Error, *vs.* BERNARD W. SNOW *et al.* Plaintiffs in Error.

*Opinion filed December 20, 1929—Rehearing denied Feb. 12, 1930.*

SINDEN & HASSELL, (CLYDE C. FISHER, SONNEN-SCHEIN, BERKSON, LAUTMANN & LEVINSON, DAVID LEVINSON, and I. E. FERGUSON, of counsel,) for plaintiffs in error.

ODE L. RANKIN, for defendant in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

Defendant in error, Mary M. Hack, filed her bill in chancery in the superior court of Cook county against plaintiffs in error, Bernard W. Snow, bailiff of the municipal court of Chicago, George H. Woods, deputy bailiff of the municipal court, and Wladyslaw Liesik, to quiet the title to certain real estate described in the bill, and therein *inter alia* alleged that by trust deed dated May 24, 1923, Dominick Horvath and Vilma, his wife, the then owners of the property, conveyed the same to Ednyfed H. Williams, as trustee, to secure the Horvaths' note for $1700; that by warranty deed of August 31, 1923, the Horvaths conveyed the property to Teodor Mitkowski and Susanna, his wife; that on October 31, 1924, Liesik obtained a judgment in the municipal court of Chicago against Teodor Mitkowski and that the judgment remained unsatisfied; that on December 18, 1924, a bill was filed in the circuit court of Cook county by Ernest W. Bock, owner of the note and trust deed, against the Horvaths, Liesik, the Mitkowskis and others to foreclose the trust deed; that Liesik appeared and made proof of his judgment against Teodor Mitkowski; that on March 31, 1926, a decree was entered finding that the trust deed was a lien upon the property and that the judgment of Liesik was a lien upon the property subordinate to the lien of the trust deed, and ordering and decreeing that the defendants, or some one of them, pay the amount found to be due within a day fixed therein, and that in default of such payment the property be sold, or so much thereof as might be sufficient to realize the amount due complainant, principal, interest and costs; that

in pursuance of the decree a master in chancery of the circuit court on April 27, 1926, sold the real estate at public vendue to Bock for the sum of $1830, and the master issued his certificate of sale dated April 30, 1926, to Bock; that the Mitkowskis conveyed their interest in the property after the master's sale and the confirmation thereof, and that the title passed through *mesne* conveyances to complainant, Mary M. Hack; that on April 25, 1927, she was the owner of an undivided one-half interest in the property and August Swarz was the owner of the other undivided one-half interest, and on that date she and Swarz paid into the office of the master in chancery the sum of $1940.26 as redemption money to redeem the property from the sale; that thereupon the master in chancery issued a certificate of redemption dated April 25, 1927, to her and Swarz and the certificate of redemption was duly recorded; that thereafter Swarz conveyed his interest to complainant; that thereafter Liesik caused to be issued an alias execution upon his judgment against Mitkowski and placed the same in the hands of Bernard W. Snow, bailiff of the municipal court, and that he made a levy of said execution on the property in the bill described; that he, as bailiff, gave notice, as required by law, that by virtue of the alias writ of execution he would at 10:00 o'clock A. M. on July 27, 1927, sell the property to satisfy the alias execution; that complainant for the first time on July 26, 1927, learned that such sale was to be held; that by virtue of the sale, the foreclosure proceedings and the redemption therefrom the property was relieved of the lien of Liesik's judgment, and that the proceedings to sell the property under the alias execution were a cloud upon the title of complainant to the property, and she prayed that the defendants be enjoined from making a sale under the alias execution. Defendants demurred to the bill, the demurrer was overruled, a decree was entered in accordance with the prayer of the bill, and they appealed to the Appel-

late Court for the First District, where the decree of the superior court was affirmed. The cause is here, by leave of this court, on *certiorari*.

The purchaser at a master in chancery's sale, by the issuance of the master's certificate of sale acquires no title to the land, either legal or equitable. (*Hooper* v. *Goldstein,* 336 Ill. 125.) Both before and after the sale under a foreclosure decree the owner of the equity of redemption has the same estate in the land. (*Williams* v. *Williston,* 315 Ill. 178.) Defendant in error's grantor had one year within which to redeem, but within that time he conveyed to defendant in error. This right of redemption then passed to his grantee, and she thereby acquired only the right to redeem. (*Dunn* v. *Rogers,* 43 Ill. 260; *Davenport* v. *Karnes,* 70 id. 465; *McLagan* v. *Brown,* 11 id. 519.) She then occupied with reference to the property exactly the same position that her grantor did. She succeeded to her grantor's rights, but nothing more. (*Dunn* v. *Rogers, supra.*) She redeemed. By this act of redemption she acquired no new right in the property. The only effect of the redemption was to render null and void the sale and the certificate of the master, (*Butler* v. *Brown,* 205 Ill. 606,) as by section 18 of the act on judgments, decrees and executions in force at that time it was provided that upon such redemption "such sale and certificate shall be null and void." Such redemption from the foreclosure sale defeated the title of the purchaser under it and left the premises subject to the lien of Liesik's judgment in the same way as if the redemption had been made by the mortgagor himself. (*Burgett* v. *Paxton,* 99 Ill. 288.) Being redeemed from a sale the property was no longer encumbered by it and it ceased to be an element in the title of the property. *Smith* v. *Mace,* 137 Ill. 68.

It is claimed by defendant in error that the sale of land under a decree of foreclosure is a sale of every interest in the land belonging to any party to the suit and

discharges the land from every lien of such party, and she cites authorities to that effect. This, of course, is true where the decree orders the payment of all the liens and a sale is ordered for all such liens, the sale made, a certificate of purchase issued, no redemption made and deed issued. In that case, no redemption having been made, all the title which the mortgagor had at the time of the making of the mortgage, and all liens subsequent to the making of the mortgage, are wiped out and the purchaser takes the fee in the property unencumbered of such liens. In the instant case the decree did not order Liesik's judgment paid nor order the sale of the property for the payment thereof. The property was redeemed, and by virtue of the statute the mortgage, its foreclosure, the sale and the certificate of purchase became null and void and the property freed from the lien thereof but subject to Liesik's judgment lien. Liesik having a valid judgment lien upon the property was entitled to have the property sold in satisfaction thereof.

Much is said in the briefs upon the subject of subrogation. This is not a case to which the rule of subrogation applies. When defendant in error purchased the equity of redemption and redeemed she had notice of Liesik's judgment lien. She was not a party to the suit but was a mere volunteer. She did not file a bill in equity to redeem but redeemed under the statute, and having done so her rights are purely statutory. Liesik having a right to have the property sold to satisfy his judgment lien thereon, defendant in error had no right to have such sale enjoined.

The judgment of the Appellate Court and the decree of the superior court are reversed and the cause is remanded to the superior court, with directions to sustain the demurrer to defendant in error's bill.

*Reversed and remanded, with directions.*