KATHERYN SCOTT, Plaintiff-Appellant, v. KATHERYN SCOTT, Ex'r of the Estate of David L. Scott, Deceased, *et al.*, Defendants-Appellees.

Fourth District   No. 4—88—0469

Opinion filed January 26, 1989.

Richard L. Heavner, of Heavner & Handegan, of Decatur, for appellant.

David C. Nelson, of Dilsaver, Nelson & Winter-Black, of Mattoon, for appellees Joseph William Spencer and Joseph Wayne Spencer.

David Y. Eberspacher, of Harlan Heller, Ltd., of Mattoon, for appellee Anna Marie Owens.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

Plaintiff Katheryn Scott appeals a trial court order dismissing her complaint for foreclosure of an equitable lien. Plaintiff argues the trial court erred in finding she was the owner of the land in question by devise from her deceased husband and took it subject to encumbrances.

We affirm.

On June 29, 1987, plaintiff filed a complaint for foreclosure of an equitable lien on certain real estate. Plaintiff alleged that she had redeemed the premises which had been the subject of a foreclosure by Federal Land Bank on May 29, 1987; the redemption was evidenced by a certificate of redemption; the certificate of redemption, recorded on May 29, 1987, stated she was entitled to a first priority equitable lien on the premises. Plaintiff also alleged that she, as executor of David L. Scott's estate, was the owner of the premises, that David and Carol Scott made mortgages to the other defendants, which were subordinate to her equitable lien.

The certificate of redemption stated the real estate had been sold on December 1, 1986, pursuant to a judgment of foreclosure entered on October 23, 1986. Prior to expiration of the redemption period, plaintiff, individually, paid the purchase price plus interest to the clerk of the court. The court certified the property had been redeemed and declared the certificate of sale void and found the plaintiff had an equitable first priority lien on the real estate, which could be foreclosed in the same manner as any lien secured by a mortgage. Plaintiff is not individually liable on the promissory note signed in conjunction with the Federal Land Bank loan.

Defendants Joseph William Spencer, Joseph Wayne Spencer, and Anne Marie Owens moved to strike and dismiss the complaint alleging plaintiff, the widow of David L. Scott, was the owner of the premises at the time she redeemed.

The dates important to a determination of this appeal are:

| | |
|---|---|
| March 10, 1985 | Date of death, David Scott |
| March 27, 1985 | Will of David Scott admitted to probate—devised all real estate to plaintiff |
| 1986 | Foreclosure proceeding instituted by Federal Land Bank of St. Louis |

| October 23, 1986 | Judgement of Foreclosure |
| December 1, 1986 | Foreclosure Sale |
| May 29, 1987 | Redemption by plaintiff |

Defendants alleged that as the widow of David L. Scott, plaintiff acquired an ownership interest in the property subject to the debts secured by the property. Therefore, when she redeemed from a sale to satisfy the senior lien, she did not acquire a first priority lien as against the other creditors.

Plaintiff argues she, as an individual, is not the owner of the property. She asserts she was named as defendant in the foreclosure action because of her homestead interest. As a defendant in the action, she could redeem the property. (Ill. Rev. Stat. 1987, ch. 110, par. 12—122.) Plaintiff further argues that since she did not have any ownership interest in the property, her redemption created a first priority equitable lien. Since she redeemed from the first lienholder, she succeeded to his interest. Plaintiff maintains the estate owns the property until after probate has closed. However, plaintiff concedes that if she redeemed as an owner of the property subject to encumbrances, the redemption left the property subject to defendants' liens. In such a case, she would not take a first priority equitable lien. Plaintiff's argument is without merit as she was the owner of the property when the foreclosure proceedings commenced.

■■ A redemption made by the debtor or his grantee leaves the property subject to all other liens existing at the time of the sale which are not ordered paid by it. One having a judgment lien on the property at the time of its sale to pay a superior judgment lien may have the property sold to satisfy his judgment, after the debtor or one taking the property through the debtor redeems. *Hack v. Snow* (1929), 338 Ill. 28, 169 N.E. 819; see 5 C. Nichols, Illinois Civil Practice §5318, at 222-23 (1982).

■■ A redemption by the owner of the equity of redemption does not affect the state of his title in the land. (*Hack v. Snow* (1929), 338 Ill. 28, 169 N.E. 819.) Plaintiff contends the date the estate is closed is the date title to devised property vests.

Section 4—13 of the Probate Act of 1975 states:

> "Effect of order admitting will to probate. Every will when admitted to probate as provided by this Act is effective to transfer the real and personal estate of the testator bequeathed in that will." (Ill. Rev. Stat. 1987, ch. 110½, par. 4—13.)

The effect of the order admitting a will to probate is to vest the title to the property in the devisees. (*Craig v. Trotter* (1911), 252 Ill. 228,

230, 96 N.E. 1003, 1004; *Epley v. Epley* (1927), 244 Ill. App. 237, 237.) Once admitted to probate, the will is considered valid for vesting title to the realty in the devisee. (*Stull v. Veatch* (1908), 236 Ill. 207, 86 N.E. 227; *Havill v. Havill* (1928), 332 Ill. 11, 163 N.E. 428.) As stated in *Havill*:

> "A will speaks from the death of the testator. At the moment of his death the rights of his heirs and devisees to succeed to his estate are fixed and vested \*\*\*. \*\*\*
>
> \*\*\*
>
> \*\*\*The effect of the probate of a will is to vest the title in the devisee as completely as a deed from the owner of property vests the title in his grantee and is subject to no greater contingency." (*Havill*, 332 Ill. at 15-16, 163 N.E. at 429-30.)

However, the transfer of the real and personal estate is subject to change in accord with any appropriate orders of the court. *In re Estate of Shultz* (1942), 316 Ill. App. 540, 45 N.E.2d 577; Ill. Rev. Stat. 1985, ch. 110½, par. 20—1 *et seq.*

On the day David Scott died, plaintiff became the owner of the real estate, the probate of the will vested her with title and the redemption at the foreclosure sale was as owner. Any statement or notation on the certificate of redemption of her equitable interest does not alter her status as owner.

■ Since plaintiff was the owner of the property subject to the debts against it through her husband's will at the time she redeemed the property, she did not succeed to the rights of the Federal Land Bank. (*Hack v. Snow* (1929), 338 Ill. 28, 169 N.E. 819.) Therefore, the trial court correctly dismissed her complaint for foreclosure of the lien. Because of this conclusion, we need not address plaintiff's other arguments.

For the above reasons, we affirm the trial court.

Affirmed.

KNECHT and GREEN, JJ., concur.