FOURTH DIVISION

1-10-1427

| | | |
|---|---|---|
| *In re* ESTATE OF ROBERT | ) | Appeal from the |
| JAMES MATTHEWS, Deceased | ) | Circuit Court of |
| | ) | Cook County. |
| (Cheryl Herbeck, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | No. 2008P544 |
| and | ) | |
| | ) | |
| Kenneth W. Radamacker, | ) | Honorable |
| | ) | Henry A. Budzinski, |
| Respondent-Appellee). | ) | Judge Presiding. |

JUSTICE PUCINSKI delivered the judgment of the court, with opinion.
Justice Lavin concurred in the judgment and opinion.
Presiding Justice Gallagher dissented, with opinion.

## OPINION

Petitioner Cheryl Herbeck appeals the trial court's denial of her petition to vacate an order allowing respondent Kenneth Radamacker to recover the real estate expenses he incurred on property bequeathed to him by the decedent, Robert Matthews, from the residue of the decedent's estate. On appeal, she argues that the trial court erred in denying her petition because decedent failed to specifically provide for the payment of real estate tax expenses from his estate in his last will and testament. Accordingly, section 20-19 of the Illinois Probate Act of 1975 (Probate Act) (755 ILCS 5/20-19 (West 2006)) bars respondent from recovering the real estate expenses he incurred on the bequeathed property from decedent's estate. For the reasons detailed herein, we reverse the judgment of the trial court.

BACKGROUND

Decedent Matthews died testate on October 12, 2007. His last will and testament, dated June 4, 2004, was admitted to probate on February 11, 2008. In his will, the decedent bequeathed $20,000 and real estate located in Sarasota, Florida, to respondent and named the petitioner the sole residuary legatee. Decedent's will contained the following provision:

> "I give my Executor or Successor-Executor the following powers and discretions, in each case to be exerciseable without court order:

> * * *

> (e) To pay all governmental charges, taxes or liens imposed upon my estate or upon the interest of any and all beneficiaries hereunder by any law of any state, foreign state or federal government, relating to the transfer of property by descent or devise, and I do further direct that all such charges, taxes and liens be considered and treated as expenses and costs of administering my estate and be paid out of the same before distribution thereof."

Title to the Florida property was transferred to respondent on March 13, 2009. Respondent subsequently filed a claim against the decedent's estate in which he sought reimbursement for the money he paid to maintain the property, including the real estate taxes he paid on the property. Respondent indicated that he paid delinquent real estate taxes for 2006 amounting to $12,702.30; $12,056.01 in delinquent real estate taxes for 2007; and $10,918.75 in delinquent real estate

2

taxes for 2008; and he advanced $1,782 for the 2009 fiscal year. Accordingly, respondent sought to recover $37,459.06 that he had paid to satisfy the property's real estate tax obligations from decedent's estate.

On November 10, 2009, the executor of decedent's estate agreed that respondent should be compensated for the real estate tax expenses he incurred on the Florida property from the proceeds of decedent's estate. Accordingly, the court entered an agreed order allowing respondent to recover the $37,459.06 sum that he paid in real estate taxes on the Florida property. Thereafter, petitioner filed a petition to vacate the trial court's order allowing respondent's claim pursuant to section 2-1401 of the Illinois Code of Civil Procedure (Civil Code) (735 ILCS 5/2-1401 (West 2006)), a copy of which does not appear in the record on appeal.

On May 17, 2010, the trial court presided over a hearing on petitioner's section 2-1401 petition to vacate respondent's claim against decedent's estate. Following that hearing, the transcripts of which also do not appear in the record, the trial court entered a written order denying petitioner's petition, finding: "The court finds that the decedent's will expressly provided for payment of the real estate taxes out of the residue of his estate and therefore the estate is responsible for the payment of the real estate taxes." This appeal followed.

ANALYSIS

On appeal, petitioner argues that the trial court erred in denying her section 2-1401 petition to vacate respondent's claim against decedent's estate. Specifically, she argues that the trial court erred in permitting respondent to recover the real estate taxes he paid on the Florida

3

property from decedent's estate because decedent's will did not expressly provide for the payment of real estate taxes encumbering the property he bequeathed to respondent. Because section 20-19 of the Probate Act (755 ILCS 5/20-19 (West 2006)) bars an inheritor from obtaining reimbursement of real estate taxes encumbering real property unless expressly provided for in the decedent's will, petitioner argues that respondent may not recover the real estate tax expenses he incurred on the property.

Respondent, in turn, argues that decedent's will sufficiently expressed his intention to have the delinquent real estate taxes on the Florida property be paid from the residue of his estate. Accordingly, he argues that the trial court correctly found that decedent's will expressly provided for the payment of real estate taxes out of the residue of his estate.

Before we address the substantive merit of this appeal, we note as a threshold matter that jurisdiction over this appeal is proper as we are reviewing the propriety of the trial court's denial of petitioner's section 2-1401 petition. A trial court's ruling on section 2-1401 petition constitutes a final order and vests a reviewing court with jurisdiction pursuant to Supreme Court Rule 304(b)(3). Ill. S. Ct. R. 304(b)(3) (eff. Feb. 26, 2010); *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 101-02 (2002).

As another preliminary matter, we observe that neither petitioner's petition to vacate respondent's claim pursuant to section 2-1401 of the Civil Code nor the transcript of the hearing that the court conducted on her petition appears in the record on appeal. Petitioner did attach a copy of her petition to the appendix of her brief; however, it is well established that the record on

appeal cannot be supplemented by attaching documents to the appendix of a brief. *Whittmanhart, Inc. v. CA, Inc.*, 402 Ill. App. 3d 848, 852 (2010). It is the burden of the appealing party to provide the reviewing court with a sufficiently complete record to allow for meaningful appellate review. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984); *Lewandowski v. Jelenski*, 401 Ill. App. 3d 893, 902 (2010). As a general rule, "[a]n issue relating to a circuit court's factual findings and basis for its legal conclusions obviously cannot be reviewed absent a report or record of the proceeding." *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156 (2005). In the absence of a sufficiently complete record, a reviewing court will resolve all insufficiencies apparent therein against the appellant and will presume that the trial court's ruling had a sufficient legal and factual basis. *Foutch*, 99 Ill. 2d at 391-92; *Lewandowski*, 401 Ill. App. 3d at 902. While we will keep these principles in mind, we observe that the trial court issued a detailed written order rejecting the arguments in petitioner's petition, finding that decedent's will expressly provided for the payment of real estate taxes out of the residue of the estate. Accordingly, we have sufficient information to review the propriety of the trial court's ruling on petitioner's section 2-1401 petition.

State law presumes that the creator of a will or trust had knowledge of the law governing the document at the time it was executed and drafted the document in conformance with the law. *Bank of America, N.A. v. Carpenter*, 401 Ill. App. 3d 788, 797 (2010). In construing a will, the court's objective is to ascertain the testator's intent and to effectuate that intent, provided that it is not contrary to public policy. *In re Estate of Feinberg*, 235 Ill. 2d 256, 268-69 (2009); *Bank of*

*America,* 401 Ill. App. 3d at 797. To ascertain the testator's intent, the provisions of a will should not be considered in isolation; rather, the court must examine the document in its entirety. *Bank of America*, 401 Ill. App. 3d at 797. The interpretation of a will raises an issue of law and is subject to *de novo* review. *In re Estate of Williams*, 366 Ill. App. 3d 746, 748 (2006).

Real estate taxes constitute a lien against the property subject to those taxes. 35 ILCS 200/21-75 (West 2006); *In re Estate of Light*, 385 Ill. App. 3d 196, 200-01 (2008). The Probate Act provides when a beneficiary is *bequeathed* real estate subject to an encumbrance, that beneficiary "takes [the property] subject to the encumbrance and is not entitled to have the indebtedness paid from other real or personal estate of the decedent" unless it is "otherwise *expressly provided* by decedent's will." (Emphasis added.) 755 ILCS 5/20-19 (West 2006). This provision in the Probate Act "operates in derogation of the common law doctrine of exoneration, which provided that a devisee of real estate mortgaged or otherwise encumbered by a testator in his lifetime was entitled to a discharge of the lien from [the] testator's personal estate unless he directed otherwise in his will." *Griffin v. Gould*, 72 Ill. App. 3d 747, 749 (1979). Because this provision, effective Jan. 1, 1976, is in derogation of common law, courts have held that a testator who wishes his estate to assume responsibility for real estate tax obligations of a bequeathed property must make that wish sufficiently clear and that the burden of real estate taxes will not be shifted to the estate absent a clear expression of that wish. *Id*.

For example in *Griffin*, this court reviewed a will containing the following provisions:

"'*** that the executors shall provide for the payment out of the residue of

6

my probate estate of the following without seeking reimbursement from or charging any person therefor:

> (a) My last illness and funeral expenses and the costs of my burial.

> (b) All indebtedness owed by me at the time of my death.

> (c) All expenses in connection with the administration of my estate.

> (d) All valid inheritance, estate, transfer and succession taxes, including interest and penalties thereon, which may become payable by reason of my death ***." *Id*. at 748.

Although the decedent's will contained a general provision about taxes and "all [of the decedent's] indebtedness," this court found the language insufficient to shift burden of the real estate taxes incurred by bequeathed property to the decedent's estate, reasoning: "something more than the stock phrase 'all indebtedness owed by me at the time of my death,' *** is required in order to effectuate that shift." *Id*. at 752. Accordingly, we reversed an order of the trial court permitting the decedent's nephew to obtain payment of real estate taxes from the residue of the testator's estate. *Id*. at 753.

More recently, the Third District in *In re Estate of Light*, relying on our decision in *Griffin*, found that a decedent's general provision regarding the payment of taxes incurred by his estate was insufficient to express the intent for the estate to assume responsibility for the payment of real estate taxes incurred by bequeathed property. *Light*, 385 Ill. App. 3d at 201. Specifically,

the court construed the following provision:

> "'FIRST: I direct that my Executor hereinafter
>
> named *** shall pay all taxes assessed or imposed against
>
> my estate or against any beneficiary of my estate, any surviving
>
> joint tenant or donee of any gift, that said Executor shall not
>
> apportion such tax and shall not have the right, power, authority
>
> or duty to recover any portion of any tax from any beneficiary
>
> under my will or under any insurance policy that I may own or
>
> from any other person, firm or corporation." *Id.* at 197.

In finding the provision insufficient to shift the real estate tax burden on the decedent's bequeathed properties to the estate, the court explained: "In her will, Light directed her executor to pay 'all taxes assessed or imposed against my estate or against any beneficiary of my estate.' The real estate taxes on the [bequeathed] properties *** do not fall within this mandate because the real estate taxes were assessed and imposed against the real property, not against Light's estate." *Id.* at 201.

Here, the decedent directed his executor "[t]o pay all governmental charges, taxes or liens imposed upon my estate or upon the interest of any and all beneficiaries hereunder by any law of any state, foreign state or federal government, relating to the transfer of property by descent or devise." Like the provisions at issue in *Griffin* and *Light*, there is no specific direction for the

estate to assume responsibility for the real estate taxes associated with the bequest of the decedent's real property. The decedent's reference to the taxes imposed on his estate concerns the payment of estate and inheritance taxes, not real estate taxes. See *Light*, 385 Ill. App. 3d at 201. Real estate taxes are not imposed on a decedent's estate or upon a beneficiary; rather, they are assessed and imposed against real property and constitute an encumbrance on the property upon which they are assessed. 755 ILCS 5/1-2.07 (West 2006); *Light*, 385 Ill. App. 3d at 201. Because real estate taxes are imposed against the property itself and not against the estate or a beneficiary named in the will, the provision in decedent's will merely directing the payment of all charges "imposed upon [his] estate or upon the interest of any and all beneficiaries *** relating to the transfer of property by descent or devise" is not sufficient to shift the real estate tax obligation to the estate. *Light*, 385 Ill. App. 3d at 201. While ownership of the Florida property was transferred, the real estate tax obligation imposed against the property remained at all times an encumbrance on the property itself. 755 ILCS 5/1-2.07 (West 2006); *Light*, 385 Ill. App. 3d at 201. Accordingly, we find that decedent's will did not specifically provide for his estate to assume responsibility for the real estate tax obligations of his real property and the trial court erred in finding that respondent was entitled to recoup the real estate tax expenses he incurred on the Florida property from decedent's estate.

In so finding, we reject respondent's argument that, based on our decision in *Griffin*, decedent's will sufficiently expressed his intent to shift the burden of real estate tax expenses to the estate because in *Griffin* this court "expressly rejected the proposition that a testator was

9

required to expressly provide for the payment of real estate taxes in order to shift that burden to the residuary estate." Respondent misconstrues that ruling. In *Griffin*, the co-executors of the decedent's estate had contended that for the decedent to "expressly provide" for the estate's assumption of real estate tax liability under section 20-19 of the Probate Act, he would have had "to use words that contemplated the statute." *Griffin*, 72 Ill. App. 3d at 752. In response, we stated: "We need not go so far in coming to our conclusion that the present provision under the will does not expressly provide for shifting taxes to the estate as required by section 20-19; something more than the stock phrase 'all indebtedness owed by me at the time of my death,' however, is required in order to effectuate that shift." *Id*. A testator's general direction for the estate to assume responsibility for debts and expenses merely states what the law requires to be done and does not impose any additional legal obligations on the estate. *Id*. Accordingly, although a testator need not use the precise statutory language contained in section 20-19 of the Probate Act, he must still include an express provision in his will directing his estate to assume responsibility for real estate taxes to shift the tax obligation from a beneficiary to the estate. *Id*. To require otherwise would ignore the plain language of the Probate Act, which requires a beneficiary to assume responsibility for real estate taxes "[e]xcept as otherwise *expressly provided* by decedent's will." (Emphasis added.) 755 ILCS 5/20-19 (West 2006).

Here, the decedent's instruction for his executor to "pay all governmental charges, taxes or liens imposed upon my estate or upon the interest of any and all beneficiaries * * * relating to the transfer of property by descent or devise," like the provisions at issue in *Griffin* and *Light*,

merely reiterates what the law requires. We acknowledge that the language at issue in this case differs from that present in *Griffin* and *Light* because the decedent directed his estate to pay charges, taxes and liens imposed "upon the *interest* of any and all beneficiaries." However, we find that the addition of the term "interest" does not broaden the instruction and bring it within section 20-19 of the Probate Act because a beneficiary has an interest in a bequest or devise with or without a testator's use of that term, as that is the ultimate purpose of a will. If, as our respected colleague asserts in his dissent, that the use of the term "interest of any and all beneficiaries" is sufficient to exonerate the beneficiary from the property tax burden, then we would have to determine that the addition of the word "interest" does more than the actual Probate Act itself, which governs the transfer of real and personal property from the testator's estate to the beneficiaries who necessarily have an interest in the property regardless of whether that term is specifically included in the will. Indeed, Illinois law confers the interest to the beneficiary with or without the extra word "interest."

Similarly, we find that the decedent's use of the term "devise" in his last will and testament also fails to satisfy the requirements of section 20-19. Black's Law Dictionary defines the term "devise" as follows: "The act of giving property by will. Although this term traditionally referred to gifts of real property–and in British usage the term is still confined to real property–in American usage the term has been considerably broadened. In both the Restatement of Property and the Uniform Probate Code, a disposition of *any* property by will is a devise." (Emphasis added.) Black's Law Dictionary 517 (9th ed. 2009). Notably, section

11

20-19(a) of the Probate Act, which clearly only applies to real property, does not rely on traditional terminology and does not specifically reference property that is "devised"; rather, it refers to real estate that is "specifically bequeathed" even though the traditional use of the term "bequeath" refers to personal, rather than real, property. 755 ILCS 5/20-19(a) (West 2006). Indeed, if one were to strictly adhere to the historical definition of "bequest," its usage in the statute would be illogical because that section clearly refers to the payment of real estate taxes. See *Antioch Community High School District 17 v. Board of Education*, 373 Ill. App. 3d 544, 552 (2007) (recognizing that the cardinal rule in statutory construction is to give effect to the intent of the legislature and to avoid construing a statute in a manner that produces an absurd, unjust or unreasonable result). Although this provision was perhaps inartfully drafted, the statute is nonetheless clear that the burden of real estate taxes on real property falls on the beneficiary unless "otherwise *expressly provided* by decedent's will." We find that the simple use of the word "devise" is not sufficient to satisfy this statutory requirement and shift the real estate burden to the estate. This case is a cautionary tale for attorneys that the requirements of drafting wills, while mellowed by case law, are still not aspirational. Because the decedent's will contained no express provision concerning the estate's assumption of real estate tax obligations, we find that the trial court erred in permitting respondent to recoup the $37,459.06[1] in real estate

---

[1] We note that even if decedent's will had satisfied the requirements of section 20-19 of the Probate Act and had contained an express provision shifting the burden of the real estate taxes to the estate, the trial court nonetheless would have erred in permitting respondent to recover the entire $37,459.06 sum he paid to satisfy the property's real estate tax obligations. Under Illinois

12

tax expenses he incurred on the Florida property from the residue of decedent's estate.

CONCLUSION

Accordingly, and respectfully, we reverse the judgment of the trial court.

Reversed.

PRESIDING JUSTICE GALLAGHER, dissenting:

I respectfully dissent. I agree with the majority that section 20-19 of the Probate Act (755 ILCS 5/20-19 (West 2006)) requires that a testator expressly provide that real estate taxes are to be paid out of an estate or else the devisee must assume the responsibility to pay them. However, in trying to effect the testator's intent, as we are required to do, I believe the intent of the testator, Dr. Matthews, was made clear in this case.

Article V, paragraph(e), of the will, in pertinent part, provides as follows:

"Article V. I give my Executor or Successor-Executor the following

powers and discretions, in each case to be exercisable without court order

---

law, title to devised real property is vested to a devisee upon the entry of an order admitting the will to probate (755 ILCS 5/4-13 (West 2006); *Scott v. Scott*, 179 Ill. App. 3d 489 (1989)) and the owner of real property on January 1 of any given year is personally liable for the real estate taxes imposed that year (35 ILCS 200/21-75 (West 2006)). Accordingly, because the will was admitted to probate on February 11, 2008, respondent would have been personally liable for the real estate taxes imposed thereafter, and the trial court erred in permitting respondent to recover all of the real estate taxes imposed in 2008 as well as the portion he advanced for 2009.

* * *

> (e) To pay all governmental charges, taxes or liens imposed upon my estate or upon the interest of any and all beneficiaries hereunder by any law of any state, foreign state or federal government, relating to the transfer of property by descent or devise, and I do further direct that all such charges, taxes and liens be considered and treated as expenses and costs of administering my estate and be paid out of the same before distribution thereof."

The majority concludes that since real estate or taxes on real estate are not specifically mentioned, there is no intent to include real estate taxes. I disagree. The majority relies on *In re Estate of Light*, 385 Ill. App. 3d 196 (2008), in support of its conclusion. In *Light*, the executor was directed to pay " 'all taxes assessed or imposed against my estate or against any beneficiary of my estate.' " *Id*. at 201. The attorney who drafted the will testified that this was " 'boilerplate' " language intended to cover the state inheritance tax and the federal estate tax, not real estate taxes. *Id*. at 198. This court determined that the language in *Light* was not sufficient because the real estate taxes were assessed and imposed against the real property, not against the estate or the beneficiaries. *Id*. at 201.

In *Griffin v. Gould*, 72 Ill. App. 3d 747, 752 (1979), this court held that something more than the general phrase " 'all indebtedness owed by me at the time of my death' " is required to satisfy the express provision required by section 20-19. However, this court

14

1-10-1427

also rejected the argument that the testator must use a specific term or phrase in order to "expressly provide" for the assumption of real estate tax liability by the estate as required by section 20-19. *Id.*

It is my view that the language in this case can be distinguished from the language in both *Light* and *Griffin*. In both of those cases, the language was general and, as one attorney testified, "boilerplate." Here, the will provided that any taxes imposed on the estate or on any *interest* of any beneficiary, relating to the transfer of property by descent or devise, which includes real property, should be paid by the estate. The real estate taxes were imposed on real property, an interest of one of the beneficiaries. Moreover, it is unlikely that Dr. Matthews had the intent to devise a parcel in Sarasota, Florida, to his "friend Kenneth Radamacker and simultaneously saddle him with over $37,000 in delinquent real estate taxes. One would hardly intend to do so to a "friend."

We are also without the benefit of the transcript of the hearing below, so we do not know what evidence was considered by the circuit court in reaching its conclusion that the will expressly provided for the payment of real estate taxes by the estate. As the majority correctly notes, the appellant bears the burden of providing a sufficiently complete record to allow for meaningful review, and in the absence of such a record, this court will resolve all insufficiencies against the appellant and presume the ruling below had a sufficient legal and factual basis. For these reasons, I would affirm the judgment of the circuit court.

15

REPORTER OF DECISIONS - ILLINOIS APPELLATE COURT

---

*In re* ESTATE OF ROBERT JAMES MATTHEWS,
Deceased

(Cheryl Herbeck,

Petitioner-Appellant,

and

Kenneth W. Radamacker,

Respondent-Appellee).

---

**No. 1-10-1427**

**Appellate Court of Illinois
First District, FOURTH DIVISION**

**March 24, 2011**

---

**Justice  Pucinski delivered the opinion of the court, with opinion.**

**Justice Lavin concurred in the judgment and opinion.
Presiding Justice Gallagher dissented, with opinion**

---

Appeal from the Circuit Court of Cook County.
The Hon. Henry A. Budzinski, Judge Presiding.

---

**COUNSEL FOR PETITIONER-APPELLANT:**

KIENLEN & PIETSCH, of Wheaton, IL
(J. Laurence Kienlen)

**COUNSEL FOR RESPONDENT-APPELLEE:**

LAW OFFICES OF DENNIS L. KARNS, of Chicago, IL
(Dennis L. Karns)

1-10-1427