SECOND DIVISION
SEPTEMBER 30, 2008

1-07-1116

| | | |
|---|---|---|
| MILASAV STEVANOVIC, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| THE CITY OF CHICAGO, a Municipal Corporation, | ) | No. 05 L 9781 |
| | ) | |
| Defendant-Appellee,. | ) | |
| | ) | |
| (The Chicago Fire Department, a Municipal Corporation, | ) | Honorable |
| | ) | Jeffrey Lawrence, |
| Defendant). | ) | Judge Presiding. |

JUSTICE CUNNINGHAM delivered the opinion of the court:

The plaintiff, Milasav Stevanovic, filed a lawsuit in the circuit court of Cook County against the defendants, the City of Chicago (the City), and the Chicago fire department, for injuries he sustained while riding as a passenger in an ambulance. After the statute of limitations had run, the plaintiff filed an amended complaint containing an additional count. On the City's motion, the trial court dismissed the count, holding that it was time barred because it did not relate back to the original complaint. On appeal, the plaintiff argues that the allegations contained in the dismissed count relate back to the original complaint. For the following reasons, we reverse the ruling of the circuit court.

BACKGROUND

On September 25, 2004, the plaintiff was a passenger in a Chicago fire department ambulance while accompanying his mother to Advocate Trinity Hospital. En route to the hospital,

the plaintiff was injured while riding in the ambulance. On September 7, 2005, the plaintiff filed a lawsuit in the circuit court of Cook County against the defendants, the City and the Chicago fire department. The Chicago fire department was later dismissed as a defendant from this case because it is not a legal entity separate from the City. The complaint alleged that the ambulance driver drove the vehicle in a negligent manner and violated several sections of the Illinois Vehicle Code (625 ILCS 5/11-601 *et seq.*(West 2004)). The plaintiff also alleged that the ambulance driver drove the vehicle too fast and suddenly applied the brakes, causing the vehicle to lurch forward. The plaintiff claimed that he sustained severe and permanent injuries during the ambulance ride. The statute of limitations expired on the plaintiff's claims on September 25, 2005.

The court subsequently gave the plaintiff leave to file an amended complaint. On November 3, 2005, the plaintiff filed an amended complaint containing the previous allegations and also a new count against the City. In the new count, the plaintiff alleged that the City failed to provide or secure him in a safety belt during the ambulance ride. On the City's motion, the trial court dismissed the additional count without prejudice, pursuant to section 2-616 of the Code of Civil Procedure (the Code) (735 ILCS 5/2-616 (West 2004)). The court ruled that the new count did not relate back to the to the original pleadings and was therefore time barred. The plaintiff filed a second amended complaint alleging that the City violated the City's General Order No. 95-005 by operating the ambulance before all passengers in the vehicle were secure. The City filed another motion to dismiss pursuant to section 2-616 of the Code (735 ILCS 5/2-616 (West 2004)). The trial court dismissed the new count which related to seatbelt use. The court found no just reason to delay an appeal pursuant to Supreme Court Rule 304(a) (210 Ill. 2d R. 304(a)). The plaintiff appealed.

ANALYSIS

On appeal, the plaintiff argues that the trial court erred by dismissing the newly added count in the amended complaint, which was based on the City's failure to provide seatbelts. The plaintiff argues that this count was timely as it relates back to the pleadings of the original, timely filed complaint. The City argues that the additional count did not relate back to the original complaint because the original complaint provided no indication that the City needed to prepare a defense regarding seat belts. Accordingly, the City relied upon section 2-616(b) of the Code in its motion to dismiss which was granted by the trial court.

Section 2-616(b) of the Code states in pertinent part:

"(b) The cause of action, cross claim or defense set up in any amended pleading shall not be barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if the time prescribed or limited had not expired when the original pleading was filed, and if it shall appear from the original and amended pleadings that the cause of action asserted, or the defense or cross claim interposed in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery or defense asserted, if the

3

condition precedent has in fact been performed, and for the purpose of preserving the cause of action, cross claim or defense set up in the amended pleading, and for that purpose only, an amendment to any pleading shall be held to relate back to the date of the filing of the original pleading so amended."  735 ILCS 5/2-616(b) (West 2004).

The resolution of the issue in the case before us lies in an analysis of the relation-back doctrine.  The relation-back doctrine preserves meritorious claims against dismissal for technical reasons.  Porter v. Decatur Memorial Hospital, 227 Ill. 2d 343, 355, 882 N.E.2d 583, 589-90 (2008).  An amendment which states a distinct claim that is based on different facts does not relate back to the original complaint.  Porter, 227 Ill. 2d at 358-59, 882 N.E.2d at 592.  However, "relation back is appropriate where a party seeks to add a new legal theory to a set of previously alleged facts."  Porter, 227 Ill. 2d at 358, 882 N.E.2d at 592.

In Porter v. Decatur Memorial Hospital, 227 Ill. 2d 343, 882 N.E.2d 583 (2008), the Illinois Supreme Court recently outlined and clarified the test of when a claim relates back to the original complaint.  In Porter, the plaintiff filed a lawsuit against the defendant, Decatur Memorial Hospital, and his treating physicians, for alleged negligence that he suffered while being treated for a spinal cord injury.  Porter, 227 Ill. 2d at 346, 882 N.E.2d at 585.  The sequence of the plaintiff's complaint was as follows, the plaintiff first filed the original complaint against his treating physician.  He then added the hospital in the first amended complaint.  Porter, 227 Ill. 2d at 346, 882 N.E.2d at 585.  Following the addition of the hospital, the plaintiff sought leave of court to file a second amended complaint, which included a third count in which the plaintiff added yet another physician, his

4

treating radiologist as a defendant. Porter, 227 Ill. 2d at 347, 882 N.E.2d at 585. The hospital objected to the motion to add the radiologist and argued that the new negligence count was barred by the two-year statute of limitations. The plaintiff argued that the newly added count arose out of the same treatment as alleged in the original and first amended complaints and met the requirements of section 2-616(b) of the Code of Civil Procedure (735 ILCS 5/2-616(b) (West 2004)).

When analyzing the relation back doctrine, the Porter court examined many cases but focused on two pertinent case. The court ultimately adopted the sufficiently-close-relationship test as set forth in In re Olympia Brewing Co. Securities Litigation, 612 F. Supp. 1370, 1373 (N.D. Ill. 1985). Porter, 227 Ill. 2d at 360, 882 N.E.2d at 593. One case that was closely examined by the Porter court in its analysis was Zeh v. Wheeler, 111 Ill. 2d 266, 489 N.E.2d 1342 (1986). In Zeh, the plaintiff brought an action against the defendant for failure to maintain a common stairway. The plaintiff later attempted to amend the complaint to allege a different address of the accident. The Zeh court examined the statutory history of the relation-back doctrine and found that the statute provided for "a relation back if the cause of action grew out of the same transaction or occurrence and was substantially the same as that set up in the original pleading." (Emphasis omitted.) Zeh, 111 Ill. 2d at 272, 489 N.E.2d at 1342. The Zeh court also found that the focus of the statute was later changed to shift "[t]he focus from the identity of the cause of action *** to the identity [in] the occurrence [and] transaction." Zeh, 111 Ill. 2d at 279, 489 N.E.2d at 1342. The Zeh court denied the plaintiff's motion to amend her complaint because the original complaint failed to give the defendant adequate notice of the incident newly relied upon in the amendment. Zeh, 111 Ill. 2d at 282-83, 489 N.E.2d at 1350.

1-07-1116

The Porter court noted that the Zeh court looked to federal law for guidance on this issue. The Zeh court examined Rule 15(c) of the Federal Rules of Civil Procedure (Fed. R. Civ. P. 15(c)) and noted that the court must examine whether the amended complaint provides the defendant with adequate notice of the claim against him and whether the defendant would be unfairly prejudiced if the "amendment were allowed to relate back to the date of the original complaint." Zeh, 111 Ill. 2d at 280, 489 N.E.2d at 1348. In its analysis the Porter court noted that although Illinois is a fact-pleading jurisdiction and the federal courts are notice pleading jurisdictions, the difference was unimportant for purposes of the court's analysis. Porter, 227 Ill. 2d at 360 n.1, 882 N.E.2d at 593 n.1.

Another pertinent case examined by the Porter court in its analysis was Tiller v. Atlantic Coast Line R.R. Co., 323 U.S. 574, 580, 89 L. Ed. 465, 471-72, 65 S. Ct. 421, 424 (1945). In Tiller, the plaintiff's husband, who was employed by the defendant railroad, was struck and killed by a train while working in his employer's railroad yard. In that case, the plaintiff's original complaint alleged that the defendant failed to properly light the head railroad car and failed to warn the decedent of the oncoming train and sudden shifting of the train cars. The plaintiff's amended complaint added a claim alleging that the defendant violated a federal statute that required trains to have a rear light. The Tiller court held that "[b]oth [the original and amended claims] related to the same general conduct, transaction and occurrence which involved the death of the deceased." Tiller, 323 U.S. at 581, 89 L. Ed. at 471-72, 65 S. Ct. at 424.

After examining these cases, the Porter court adopted the federal court's sufficiently-close-relationship test as articulated in Olympia Brewing, 612 F. Supp. at 1373. In that federal

6

racketeering and securities fraud case, the court was considering the defendants' motion to dismiss the complaint as untimely. The defendants contended that the plaintiffs' amended complaint added a claim under the Racketeer Influenced and Corrupt Organizations Act (RICO)(18 U.S.C. §§1961 through 1968) (2000)) that did not relate back to the original complaint, which contained the allegations that formed the predicate acts of RICO. Porter summarized the Olympia Brewing sufficiently-close-relationship test as follows: "[A] new claim will be considered to have arisen out of the same transaction or occurrence and will relate back if the new allegations as compared with the timely filed allegations show that the events alleged were close in time and subject matter and led to the same injury." Porter, 227 Ill. 2d at 360, 882 N.E.2d at 593, citing Olympia Brewing, 612 F. Supp. at 1373. The Porter court held that "an amendment is considered distinct from the original pleading and will not relate back where (1) the original and amended set of facts are separated by a significant lapse of time, or (2) the two sets of facts are different in character,*** or (3) the two sets of facts lead to arguably different injuries." Porter, 227 Ill. 2d at 359, 882 N.E.2d at 592, citing Olympia Brewing, 612 F. Supp. at 1372.

Based upon the clarification provided by our supreme court in Porter and its analysis of the two cases discussed, the question in this case is whether the new count in the amended complaint is based on facts that relate back to the original complaint. Using the guidance provided by Porter, as well as the language of section 2-616, we look to the facts relied upon by the plaintiff in adding the new count to the amended complaint.

The ambulance ride, the manner of driving and the alleged violation of certain sections of the Vehicle Code all are alleged in the original complaint. The failure to provide seat belts in this

context is certainly sufficiently close to the original facts and transaction that gave rise to the lawsuit. There would have been no new facts that the plaintiff needed to plead to sustain this count, if he had included it in the original, timely filed complaint. Thus, in this case, the plaintiff's claim against the City for failure to provide seat belts in the ambulance clearly relates back to the original complaint. The allegations regarding the added count arose out of the same occurrence as the allegations of the original complaint. The injury complained of by the plaintiff also arose from the same set of facts as the original complaint. We also note that the facts of this case have great similarity to the facts of <u>Tiller</u>, which our supreme court found instructive in clarifying the relation-back doctrine as it relates to civil cases filed in Illinois state courts. Accordingly, we hold that the trial court erroneously dismissed that count of the plaintiff's amended complaint that relates to the failure of the City to provide seat belts.

For the foregoing reasons, we reverse the ruling of the circuit court of Cook County and remand the case to the circuit court for proceedings consistent with this opinion.

Reversed and remanded.

HOFFMAN and SOUTH, JJ., concur.