SIXTH DIVISION
May 14, 2010

No. 1-09-0612

| | | |
|---|---|---|
| URSZULA LEWANDOWSKI, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| BEATA K. JELENSKI, | ) | No. 04 CH 7120 |
| | ) | |
| Defendant-Appellant | ) | |
| | ) | |
| (Joanna Jelenski and Michael Noonan, | ) | Honorable |
| | ) | Dennis J. Burke, |
| Defendants). | ) | Judge Presiding. |

JUSTICE ROBERT E. GORDON delivered the opinion of the court:

Defendant Beata K. Jelenski appeals from a judgment order, entered after a bench trial, finding that she was unjustly enriched by her receipt of $83,000 from plaintiff Urszula Lewandowski, plus prejudgment interest in the amount of $21,883.52, and granting plaintiff leave to amend her complaint to state a cause of action for unjust enrichment to conform the pleadings to the proofs pursuant to section 2-616(c) of the Code of Civil Procedure (Code) (735 ILCS 5/2-616(c) (West 2006) ("A pleading may be amended at any time, before or after judgment, to conform the pleadings to the proofs, upon terms as to costs and continuance that may be just")). Plaintiff was granted leave to amend her complaint to allege unjust enrichment in the same order entering judgment in favor of plaintiff based on that unjust enrichment count. On appeal, Jelenski argues that the trial court abused its discretion by granting plaintiff leave to amend her complaint

because plaintiff's claim for unjust enrichment was time-barred as it was filed after the applicable statute of limitations expired, and the cause of action did not relate back to the previous timely filed complaints. For the reasons that follow, we affirm.

BACKGROUND

The record on appeal does not contain a report of proceedings of the trial, a bystander's report, or an agreed statement of facts in accordance with paragraphs (a), (c), and (d) of Illinois Supreme Court Rule 323 (210 Ill. 2d Rs. 323(a), (c), (d). As a result, our recitation of the facts is derived from the common law record before us, including the trial court's judgment order. See *City of Highland Park v. Didenko*, 274 Ill. App. 3d 24 (1995). We proceed to consider this appeal because the record before us is sufficient to address some of the issues raised. *Luss v. Village of Forest Park*, 377 Ill. App. 3d 318, 331 (2007) (appellate review is not precluded when the record actually contains that which is necessary for a disposition of the issues in the case).

Plaintiff filed a three-count complaint (original complaint) against Jelenski on April 28, 2004. According to the allegations of the original complaint, plaintiff and Jelenski formed a joint venture in May 2002 to develop certain real property located at 6400 South Green Street in Chicago (Property). In furtherance of the joint venture, plaintiff alleged that she provided Jelenski a total of $76,000, in increments of $1,000 to $15,000, the final of which occurred on August 19, 2002. According to the original complaint, plaintiff's monies were never used for the acquisition or development of the Property, and Jelenski never returned plaintiff's monies to her in breach of Jelenski's

2

fiduciary duty to plaintiff. As such, plaintiff's original complaint set forth claims against Jelenski for an accounting, a constructive trust, and breach of fiduciary duty, in counts I, II, and III, respectively.

On September 12, 2005, plaintiff filed an amended complaint (first amended complaint) adding Michael Noonan as a defendant.[1] The amended complaint included nearly identical allegations to the original complaint; however, it alleged that Noonan had specific knowledge of Jelenski's alleged wrongful conduct and obtained financial gain as a result of Jelenski's breach of her fiduciary duty to plaintiff. The first amended complaint did not specify how Noonan financially gained by Jelenski's breach of her fiduciary duty to plaintiff. Like the original complaint, the first amended complaint set forth three counts. Counts I and II, naming both Jelenski and Noonan, sought an accounting and the imposition of a constructive trust. Count III directed solely against Jelenski, alleged Jelenski's breach of her fiduciary duty to plaintiff.

On December 12, 2005, plaintiff filed a second amended complaint adding a fourth count against both Jelenski and Noonan, alleging that Jelenski and Noonan

---

[1] At the conclusion of trial, the trial court found in favor of Noonan and against plaintiff on all counts of plaintiff's complaint against Noonan. Plaintiff does not appeal from the trial court's judgment concerning Noonan, and as such Noonan is not before this court.

3

participated in a civil conspiracy to defraud plaintiff. The second amended complaint was substantially identical to the first amended complaint in all other respects.

On April 3, 2007, plaintiff filed a third amended complaint adding Jelenski's daughter, Joanna Jelenski, as a defendant.[2] The third amended complaint alleged that Jelenski deposited the plaintiff's monies into a bank account held jointly by her and her daughter Joanna, and that both she and her daughter used plaintiff's monies for personal expenses. Plaintiff's third amended complaint was pled in 11 counts. Count I alleged that Jelenski fraudulently induced plaintiff into giving her $76,000 for the joint venture by fraudulently representing that she had "expertise and financial success" in real estate development, when indeed she did not. Count II alleged that Jelenski breached her fiduciary duty to plaintiff by failing to return plaintiff's monies after the Property was never purchased, or by using plaintiff's monies for the personal expenses of herself or her daughter. Count III of the third amended complaint was directed at Jelenski for conversion. Count IV alleged that Noonan aided and abetted Jelenski's fraudulent inducement of plaintiff. Count V alleged that Joanna Jelenski aided and abetted her mother's fraudulent inducement of plaintiff. Count VI of the third amended complaint alleged that Joanna aided and abetted Jelenski's conversion of plaintiff's monies. Count

---

[2] Following trial, the trial court found in favor of Joanna Jelenski and against plaintiff on all counts of plaintiff's complaint against Joanna. Plaintiff does not appeal from the trial court's judgment concerning Joanna, and as such Joanna is not before this court.

VII alleged that Joanna breached a fiduciary duty owed to plaintiff. Count VIII, naming

Jelenski, sought an accounting. Count IX against Jelenski, sought the imposition of a

constructive trust. Count X against Joanna sought the imposition of a constructive trust.

Finally, count XI alleged that Jelenski, her daughter Joanna Jelenski, and Noonan

participated in a civil conspiracy to defraud plaintiff.

The trial court's February 3, 2009, judgment order confirms that a bench trial

occurred in the instant case. See *City of Highland Park v. Didenko*, 274 Ill. App. 3d 24

(1995) (in the absence of a report of proceedings of the trial, a bystander's report, or an

agreed statement of facts, a reviewing court can assume that a trial court's order

accurately reflects the trial court proceedings).

In its February 3, 2009, judgment order, the trial court found that "the evidence

admitted at trial established that [Jelenski] ha[d] been unjustly enriched by virtue of her

receipt of $83,000 from [plaintiff], of which $80,500 remain[ed] due and owing."[3] Over

objection, the trial court granted plaintiff leave to amend count VIII of plaintiff's third

amended complaint to "state a cause of action for unjust enrichment and thereby conform

the pleading to the proofs," pursuant to section 2-616(c) of the Code (735 ILCS 5/2-

616(c) (West 2006)). The amendment to count VIII of plaintiff's third amended

complaint deleted plaintiff's allegations that Jelenski owed her a fiduciary duty. The trial

---

[3] Although the third amended complaint alleged that plaintiff gave Jelenski

$76,000, we must assume that the evidence at trial showed that plaintiff actually gave

Jelenski $83,000 and that plaintiff had $2,500 returned to her at some point.

court then entered judgment in favor of plaintiff and against Jelenski on count VIII of the third amended complaint, as amended, in the amount of $80,500, and awarded plaintiff $21,883.52 in prejudgment interest pursuant to section 2 of the Illinois Interest Act (815 ILCS 205/2 (West 2006)). The trial court proceeded to find against plaintiff and in favor of all defendants on all other counts of plaintiff's third amended complaint.

As noted, Jelenski appeals arguing that the trial court abused its discretion by granting plaintiff leave to amend her complaint to set forth a cause of action for unjust enrichment because plaintiff's claim was time-barred as it was filed after the applicable statute of limitations expired, and the cause of action did not relate back to the previous timely filed complaints.

ANALYSIS

Whether to allow an amendment to pleadings is within the sound discretion of the trial court, whose determination will not be disturbed on appeal in the absence of an abuse of discretion. *Compton v. Country Mutual Insurance Co.*, 382 Ill. App. 3d 323, 331 (2008), citing *Village of Wadsworth v. Kerton*, 311 Ill. App. 3d 829, 842 (2000). A trial court abuses its discretion if " 'no reasonable person would take the view adopted by the trial court.' " *DeLapaz v. Selectbuild Construction, Inc.*, 394 Ill. App. 3d 969, 972 (2009), quoting *In re Marriage of Heroy*, 385 Ill. App. 3d 640, 651 (2008).

Section 2-616(c) of the Code (735 ILCS 5/2-616(c) (West 2006)) provides: "A pleading may be amended at any time, before or after judgment, to conform the pleadings to the proofs, upon terms as to costs and continuance that may be just."

The parties here agree that count VIII of plaintiff's third amended complaint, as amended, is barred by the five-year statute of limitations of section 13-205 of the Code (735 ILCS 5/13-205 (West 2006)), unless the claim "relates back" to the date of filing of any of the timely filed previous complaints. *Frederickson v. Blumenthal*, 271 Ill. App. 3d 738, 742 (1995) (cause of action for unjust enrichment is subject to the five-year statute of limitations as set forth by section 13-205 (735 ILCS 5/13-205 (West 2006))).

As noted, plaintiff filed her original complaint on April 28, 2004, alleging that she and Jelenski formed a joint venture in May 2002 to develop certain real property, and that she provided Jelenski with a total of $76,000, in furtherance of the joint venture in increments of $1,000 to $15,000, the final of which occurred on August 19, 2002. Plaintiff's complaint does not allege that there was a delay in the discovery of the facts leading to the filing of this lawsuit, but only that plaintiff's monies were not used to acquire or develop the Property and that her monies were never returned to her. See *Frederickson*, 271 Ill. App. 3d at 742 (Illinois discovery rule applicable to unjust enrichment claims). We will assume, therefore, that plaintiff's cause of action accrued on August 19, 2002, the final date on which plaintiff alleged she tendered monies to Jelenski in furtherance of the joint venture. Accordingly, the statute of limitations on plaintiff's cause of action against Jelenski for unjust enrichment lapsed on August 19, 2007.

As noted, the trial court granted plaintiff leave to amend count VIII of her third amended complaint on February 3, 2009, a date outside the five-year period permitted by

the statute of limitations. In order for the amendment to have been properly allowed, the amendment must relate back to plaintiff's April 3, 2007, third amended complaint.

Section 2-616(b) of the Code governs the relation-back doctrine and provides as follows:

"The cause of action, cross claim or defense set up in any amended pleading shall not be barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if the time prescribed or limited had not expired when the original pleading was filed, and if it shall appear from the original and amended pleadings that the cause of action asserted, or the defense or cross claim interposed in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery or defense asserted, if the condition precedent has in fact been performed, and for the purpose of preserving the cause of action, cross claim or defense set up in the amended pleading, and for that purpose only, an amendment to any pleading shall be held to relate back to the date of the filing of the original pleading so amended." 735 ILCS 5/2-616(b) (West 2006).

The purpose of the relation-back doctrine is to preserve meritorious causes of action against a dismissal by reasons of a technical default. *Porter v. Decatur Memorial Hospital*, 227 Ill. 2d 343, 355 (2008); *Stevanovic v. City of Chicago*, 385 Ill. App. 3d 630, 633 (2008). Trial courts are to liberally construe the requirements of section 2-616(b) (735 ILCS 5/2-616(b) (West 2006)) to allow resolution of litigation on the merits and to avoid elevating questions of form over substance. *Porter*, 227 Ill. 2d at 355, citing *Bryson v. News America Publications, Inc.*, 174 Ill. 2d 77, 106 (1996); *Boatmen's National Bank of Belleville v. Direct Lines, Inc.*, 167 Ill. 2d 88, 102 (1995). Both the statute of limitations and section 2-616(b) are designed to afford a defendant a fair opportunity to investigate the circumstances upon which liability is based while the facts are accessible. *Porter*, 227 Ill. 2d at 355, citing *Boatmen's National Bank*, 167 Ill. 2d at 102. The rationale behind the "same transaction or occurrence" rule is that a defendant is not prejudiced if " 'his attention was directed, within the time prescribed or limited, to the facts that form the basis of the claim asserted against him.' " *Boatmen's National Bank*, 167 Ill. 2d at 102, quoting *Simmons v. Hendricks*, 32 Ill. 2d 489, 495 (1965). "A court should consider the entire record, including depositions and exhibits, to determine whether the defendant had such notice." *Porter*, 227 Ill. 2d at 355, citing *Wolf v. Meister-Neiberg, Inc.*, 143 Ill. 2d 44, 46 (1991).

An amendment which states a distinct claim that is based on a different set of facts than the claim in the timely filed complaint will not relate back. *Stevanovic*, 385 Ill. App. 3d at 633, citing *Porter*, 227 Ill. 2d at 358-59. However, "'relation back is

9

appropriate where a party seeks to add a new legal theory to a set of previously alleged facts.' " *Stevanovic*, 385 Ill. App. 3d at 633, quoting *Porter*, 227 Ill. 2d at 358.

Our Illinois Supreme Court recently clarified the relation-back doctrine in *Porter v. Decatur Memorial Hospital*, 227 Ill. 2d 343 (2008). In *Porter*, the plaintiff filed a lawsuit against the defendant hospital, and his treating physician, for alleged negligence during his care and treatment for a spinal cord injury suffered in a motor vehicle collision. *Porter*, 227 Ill. 2d at 346. The plaintiff in *Porter* filed his original complaint against his treating neurologist. He then filed an amended complaint to add the defendant hospital, alleging that he lost the function of his legs as a direct and proximate result of their negligence. Specifically, the plaintiff's amended complaint alleged that a member of the hospital staff failed to report his deteriorating neurological condition to his treating neurologist, leaving his declining neurological condition undiagnosed and untreated. *Porter*, 227 Ill. 2d at 346. Following the addition of the defendant hospital, the plaintiff sought leave to file a second amended complaint, which included an additional count sounding in negligence against the hospital for the alleged negligence of a radiologist as an agent of the hospital in failing to recognize a fracture of plaintiff's cervical spine. *Porter*, 227 Ill. 2d at 347. The defendant hospital objected to plaintiff's motion for leave to amend and add the additional count, arguing that it was a new and different claim and therefore barred by the applicable two-year statute of limitations. *Porter*, 227 Ill. 2d at 349-50. The plaintiff argued that the newly added count arose out

of the same treatment as alleged in the original and first amended complaints and met the requirements of section 2-616(b) of the Code (735 ILCS 5/2-616(b) (West 2006)).

The trial court in *Porter* first allowed plaintiff's motion to amend, but upon defendant hospital's motion to reconsider, found that the additional count was barred by the statute of limitations and did not relate back under section 2-616(b). *Porter*, 227 Ill. 2d at 350. The Fourth District of the Illinois Appellate Court affirmed with one justice dissenting. *Porter v. Decatur Memorial Hospital*, 372 Ill. App. 3d 310 (2007).

On review, our Illinois Supreme Court reversed finding that the additional count related back to plaintiff's timely filed complaints. *Porter*, 227 Ill. 2d at 364. In so holding, our Illinois Supreme Court adopted the "sufficiently-close-relationship" test as articulated in *In re Olympia Brewing Co. Securities Litigation*, 612 F. Supp. 1370 (N.D. Ill. 1985). *Porter* summarized the *Olympia Brewing* sufficiently-close-relationship test as follows: "[A] new claim will be considered to have arisen out of the same transaction or occurrence and will relate back if the new allegations as compared with the timely filed allegations show that the events alleged were close in time and subject matter and led to the same injury." *Porter*, 227 Ill. 2d at 360, citing *Olympia Brewing*, 612 F. Supp. at 1373. The *Porter* court held that "an amendment is considered distinct from the original pleading and will not relate back where (1) the original and amended set of facts are separated by a significant lapse of time, or (2) the two set of facts are different in character, *** or (3) the two sets of facts lead to arguably different injuries." *Porter*, 227 Ill. 2d at 359, citing *Olympia Brewing*, 612 F. Supp. at 1372.

Applying the sufficiently-close relationship test, our supreme court noted that the plaintiff's timely filed first amended complaint alleged that the defendant hospital provided personnel, including nurses, aides, attendants *and others*, for the care and treatment of patients, including the plaintiff. One of the allegations of negligence in that complaint was that the defendant hospital, through its employees and agents, failed to report the plaintiff's diminishing neurological status to the attending neurosurgeon. The complaint further alleged that as a direct result of this wrongful act, the plaintiff's diminishing neurological function went undiagnosed and untreated, causing plaintiff to lose his extremity function. The count plaintiff sought to add in his second amended complaint added allegations that the radiologist, an agent of the defendant hospital, misread and misinterpreted a CT scan of plaintiff's spine and that, as a result, plaintiff's diminishing neurological function went undiagnosed and untreated, causing plaintiff to lose his extremity function. *Porter*, 227 Ill. 2d at 361. Our supreme court found that there was a sufficiently close relationship between the two allegations to show that the later allegation grew out of the same transaction or occurrence set up in the earlier one. *Porter*, 227 Ill. 2d at 361. Accordingly, our supreme court reversed and remanded to the trial court and granted leave to the plaintiff to amend his complaint. *Porter*, 227 Ill. 2d at 364.

We now turn to Jelenski's contentions on appeal. Jelenski argues that the trial court abused its discretion in allowing plaintiff leave to amend count VIII of her timely filed third amended complaint because plaintiff's claim for unjust enrichment does not

relate back to the third amended complaint. Jelenski cites to *Kennedy v. King*, 252 Ill. App. 3d 52 (1993), in support of her contention. In *Kennedy*, the plaintiff filed a negligence action for injuries sustained in a motor vehicle collision, naming King, the vehicle owner, as the only defendant. *Kennedy v. King*, 252 Ill. App. 3d 52, 53 (1993). During discovery, plaintiff learned that King's son, not King, operated King's motor vehicle during the collision. The plaintiff made no attempt to amend her complaint until after the statute of limitations had expired. In response to King's motion for summary judgment, the plaintiff sought leave to amend to plead negligence against King's son and alternatively against King for vicarious liability based on a negligent entrustment theory. *Kennedy*, 252 Ill. App. 3d at 55. The trial court denied leave to amend, and granted summary judgment in favor of King. In affirming, the Third District of the Illinois Appellate Court stated:

> "Where both the original and amended complaint assert defendant is liable
> for an action caused by another, differing only in the theory under which
> such liability is to be found, the amended complaint will likely relate back
> to the original one. [Citation.] However, where one complaint alleges
> liability predicated upon defendant's own actions and the other complaint
> alleges defendant to be liable for the actions of, or an incident caused by,
> another, the amended complaint is unlikely to relate back to the original
> one." *Kennedy*, 252 Ill. App. 3d at 56.

The *Kennedy* court held that the amendment did not relate back as the negligence claim against King's son and the claim against King for negligent entrustment were different from the claim raised in the original complaint, which was that King negligently operated a motor vehicle. The court held that the original complaint did not place King on notice of the claims later raised by the plaintiff. *Kennedy*, 252 Ill. App. 3d at 57.

Jelenski's reliance on *Kennedy* is misplaced. The reasoning in *Kennedy* actually supports the trial court's granting of leave to plaintiff to amend her complaint to conform the pleadings to the proofs. An examination of plaintiff's third amended complaint shows that plaintiff's claims are based on allegations that plaintiff tendered monies to Jelenski and that those monies were not used for their intended purpose, namely, the acquisition or development of the Property, and that plaintiff's monies were not returned to her. Count VIII specifically sought an accounting against Jelenski to recover those funds. The amendment to count VIII alleging unjust enrichment against Jelenski was rooted in the same predicate facts, differing only insofar as the pleading of an unjust enrichment theory relieved plaintiff of the need to prove the existence of a fiduciary relationship between the parties. See *R.J. Management Co. v. SRLB Development Corp.*, 346 Ill. App. 3d 957, 968 (2004) (generally, a plaintiff must show a fiduciary relationship in order to prove a right to an accounting); *Martis v. Pekin Memorial Hospital, Inc.*, 395 Ill. App. 3d 943, 952 (2009) (to state a cause of action based on a theory of unjust enrichment, a plaintiff must allege that the defendant has unjustly retained a benefit to the

plaintiff's detriment and that the defendant's retention of the benefit violates the fundamental principles of justice, equity and good conscience).

The trial court found that plaintiff failed to prove a fiduciary relationship between herself and Jelenski. However, it also found that "the evidence admitted at trial established that [Jelenski] ha[d] been unjustly enriched by virtue of her receipt of $83,000 from [plaintiff], of which $80,500 remain[ed] due and owing," and allowed plaintiff, over Jelenski's objection, to amend count VIII of plaintiff's third amended complaint to "to state a cause of action for unjust enrichment and thereby conform the pleadings to the proofs." As the facts in plaintiff's third amended complaint put Jelenski on notice of the matter covered by the amendment, the trial court did not abuse its discretion in allowing the amendment. *Porter*, 227 Ill. 2d at 354.

The remainder of Jelenski's brief on appeal is devoted to her argument that she was prejudiced by the trial court's granting of plaintiff's motion for leave to amend count VIII of the third amended complaint to conform the pleadings to the proofs. She argues that the lack of pretrial notice of plaintiff's unjust enrichment claim deprived her of a fair opportunity to prepare a defense to the claim. However, Jelenski has not presented a record on appeal that would support her argument or show how she would have acted differently.

The law is well settled that the appellant bears the burden of presenting a sufficiently complete record to support her claim of error, and any doubts arising from the incompleteness of the record will be resolved against her. *Foutch v. O'Bryant*, 99 Ill.

No. 1-09-0612

2d 389, 391-92 (1984). When the appellant has failed to present this court with a complete record, the reviewing court must indulge in every reasonable presumption favorable to the judgment and will presume the trial court followed the law and had a sufficient factual basis for its ruling. *Foutch*, 99 Ill. 2d at 391-92; *Smolinski v. Vojta*, 363 Ill. App. 3d 752, 757-58 (2006).

In the absence of a sufficient record to substantiate Jelenski's claim that she was prejudiced by the trial court's granting of plaintiff's motion for leave to amend count VIII of her complaint to set forth a cause of action for unjust enrichment, this court must presume that the trial court heard sufficient evidence to determine that plaintiff proved her cause of action for unjust enrichment and that the amendment pursuant to section 2-616(c) of the Code (735 ILCS 5/2-616(c) (West 2006)) was warranted.

CONCLUSION

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Affirmed.

CAHILL, P.J., and J. GORDON, J., concur.

16