NOTICE

Decision filed 11/18/21. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2021 IL App (5th) 200197-U

NO. 5-20-0197

IN THE

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT
_____

| | | |
|---|---|---|
| MISTY L. SOLIBEN, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Madison County. |
| | ) | |
| v. | ) | |
| | ) | |
| SABRE GROUP LLC, | ) | |
| | ) | |
| Defendant-Appellee, | ) | |
| | ) | |
| and | ) | |
| | ) | No. 16-LM-865 |
| SABRE GROUP LLC, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL STOREY, | ) | Honorable |
| | ) | Clarence W. Harrison II, |
| Defendant. | ) | Judge, presiding. |

_____

JUSTICE WELCH delivered the judgment of the court.
Justices Cates and Wharton concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Where the appellant did not file a timely notice of appeal, this court lacks jurisdiction to address the merits of the appeal.

1

¶ 2    The appellant, Misty Soliben, proceeding *pro se*, appeals the orders entered by the circuit court of Madison County in which the court determined the rights and obligations of Soliben and the appellee, Sabre Group LLC (Sabre), under a contract for the sale of real estate (sale contract).  On appeal, Soliben makes various contentions against the court's orders that found that she did not comply with the sale contract and awarded possession of the property to Sabre.  In response, Sabre initially contends that this court lacks jurisdiction because Soliben's notice of appeal was untimely.  For the following reasons, we dismiss the appeal for lack of appellate jurisdiction.

¶ 3                                    I. BACKGROUND

¶ 4    This appeal is from a judgment entered in two cases that the trial court consolidated. On October 15, 2013, Soliben entered into a contract to purchase real estate in Alton, Illinois, from Sabre for $16,674.27.  The sale contract provided that Sabre would give Soliben a quitclaim deed to the property upon receipt of the purchase price.  There was also a provision in the sale contract that if Soliben was unable to complete the contract, which included paying the purchase price by December 15, 2013, Sabre would finance the remaining balance in an 18-month contract for deed at 6.5% interest.  Soliben was also required to pay the 2012 real estate taxes payable in 2013 and any subsequent real estate taxes.

¶ 5    Soliben made a down payment of $10,235.41 but was unable to pay the remaining balance by December 15.  She also did not pay the 2012 real estate taxes.  Because Soliben did not complete the sale contract within the required time limit, Sabre provided her with a contract for quitclaim deed dated March 1, 2014, and requested that she sign the

2

document. The contract required Soliben to make monthly payments for the amount due plus interest and to pay for insurance on the property that covered both Soliben and Sabre. However, Soliben refused to sign the contract for a quitclaim deed because it did not convey "good and clear title" to the property. On March 10, 2015, Sabre sent Soliben a 30-day demand for strict compliance, notifying her that she was in default of the sale contract and $14,342.07 was the payoff amount. On June 11, 2015, Soliben deposited $11,569.23 with Benchmark Title in escrow, which was the amount she thought she owed on the sale contract.

¶ 6      On August 16, 2016, Soliben filed a *pro se* complaint for breach of contract (case No. 16-LM-865). On September 21, 2016, she filed in that case a *pro se* amended complaint for breach of contract, which was substantively identical to the original complaint. In her complaint, she alleged that Sabre failed to abide by the sale contract's terms and was refusing to complete the sale until she paid certain charges that were beyond anything that the contract required her to pay. For relief, she sought an order directing Sabre to complete the sale in compliance with the sale contract's terms, plus punitive damages.

¶ 7      On August 25, 2016, nine days after Soliben filed her initial complaint for breach of contract, Sabre filed a complaint for forcible entry and detainer against Soliben and her father, Michael Storey (case No. 16-LM-918). In the complaint, Sabre alleged that, although Soliben was the purchaser of the property in question, Storey was the person occupying the property; Soliben failed to complete the sale contract by the closing date; and she refused to sign the contract for quitclaim deed that was submitted to her pursuant

3

to the sale contract. Sabre sought possession of the real estate. If the trial court found that a contract for quitclaim deed existed, Sabre requested the sum of money owed under the contract. Thereafter, the court granted Soliben's motion to consolidate these two cases.

¶ 8 On May 11, 2017, Soliben filed, by her attorney, in the consolidated cases, a "motion for specific performance," requesting an order for specific performance of the sale contract, including its contract-for-deed provision. On June 29, 2017, after hearing testimony and arguments from counsel, the trial court entered an order in the consolidated cases, granting in part and denying in part Soliben's motion for specific performance. In the order, the court directed (1) the $11,569.23 deposited with Benchmark Title to be transferred to Sabre within seven days; (2) Soliben to pay $15,529.17 to Sabre within 120 days; (3) that if Soliben met her obligations under the order, Sabre should convey the premises to Soliben by issuing a quitclaim deed; and (4) that if Soliben failed to meet her obligations, her claim for specific performance would be denied with no further claim or rights in the real estate. On July 27, 2017, Storey filed a *pro se* notice of appeal. However, Soliben did not appeal.

¶ 9 On September 18, 2017, Sabre filed a motion for judgment on claim for specific performance and for judgment of possession, asserting that Soliben failed to comply with the conditions specified in the trial court's order to redeem the property and seeking possession of that property. On October 12, 2017, the court entered an order for Sabre and against Soliben on Soliben's complaint for breach of contract and motion for specific performance. The order granted Sabre possession of the subject property, indicated that Soliben had no further rights in that property, and stayed the order of possession until

4

November 9, 2017.  On November 6, 2017, Soliben filed a motion to reconsider, which was denied on November 9, 2017.  In the November 9 order, the court also further stayed its order of possession until November 30, noted that Soliben had filed a motion for appeal bond, directed Soliben to submit security for an appeal bond within 14 days, and directed Benchmark Title to release the funds that it was holding in escrow to Soliben.

¶ 10    Thereafter, Storey's appeal proceeded, and he was the sole appellant.  On October 7, 2019, this court dismissed his appeal for lack of standing to enforce the sale contract because he did not have a legally cognizable interest in the contract.  *Soliben v. Sabre Group LLC*, 2019 IL App (5th) 170282-U.  On April 3, 2020, this court issued its mandate.  On July 2, 2020, Soliben filed her notice of appeal in the trial court, which indicated that she was appealing the trial court's order entered "July 2, 2020, denying the Motion to Quash Order of October 12, 2017."  Although Soliben indicated that, on July 2, 2020, the court held a hearing on all pending issues and ordered a lift on the stay, there is no July 2 order included in the record on appeal.

¶ 11                              II. ANALYSIS

¶ 12    The Illinois Supreme Court rules govern the process for filing an appeal.  Rule 303(a)(1) requires an appealing party to file a notice of appeal with the clerk of the circuit court within 30 days after the entry of the final judgment.  Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017).  However, if a timely posttrial motion directed against the judgment has been filed, the time for filing a notice of appeal is within 30 days after the entry of the order disposing of the last pending postjudgment motion directed at the judgment.  *Id*.  Unless there is a timely filed notice of appeal, the reviewing court has no jurisdiction over the

5

appeal and must dismiss it. *People v. Smith*, 228 Ill. 2d 95, 104 (2008). The filing requirement is both jurisdictional and mandatory, and the appellate court has no authority to excuse this requirement. *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 217-18 (2009).

¶ 13 In this case, Soliben filed her notice of appeal with the trial court on July 2, 2020 (it was filed with our court on July 9). Although her notice of appeal indicates that she is appealing an order entered on July 2, 2020, there is no July 2 order included in the record on appeal. Sabre contends that there is no copy of the "July 2, 2020, 'final judgment' because it does not exist." Because the order is not in the record, we have no way of knowing whether such an order exists, and, if it does, whether it was a final order (what issues the order dealt with and what were the court's findings). The appellant bears the burden to present a sufficiently complete record, and this court will resolve any doubts that arise from an incomplete record against the appellant. *Lewandowski v. Jelenski*, 401 Ill. App. 3d 893, 902 (2010).

¶ 14 Moreover, Soliben's appellate brief attached the following four orders: the June 29, 2017, order, which required her to pay $15,529.17 to Sabre and, upon timely payment, required Sabre to convey the property in question to her; the October 12, 2017, order, which entered judgment in favor of Sabre and against Soliben on Soliben's breach of contract complaint and motion for specific performance; the other October 12, 2017, order, which stayed the judgment entered in the previous order; and the November 9, 2017, order, which denied the motions to reconsider. To the extent that Soliben is appealing any of the orders included in her appellate brief, the last one being entered on November 9, 2017, her notice

6

of appeal is untimely.  From the record before us, the November 9 order denying her motion to reconsider was the last order entered disposing of a pending postjudgment motion that was directed at the final judgment.  If she had wished to appeal the order denying her motion to reconsider, she should have done so within 30 days after the entry of the order.  Thus, because Soliben did not file a timely notice of appeal, we lack jurisdiction and must dismiss her appeal.  In making this decision, we note that *pro se* litigants are held to the same standards as licensed attorneys and are presumed to have full knowledge of the applicable court rules and procedures.  *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78.

¶ 15                           III. CONCLUSION

¶ 16     For the reasons stated, we dismiss this appeal for lack of jurisdiction.


¶ 17   Appeal dismissed.