NOTICE
Decision filed 05/02/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 210296-U

NO. 5-21-0296

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| DUANE FONTANA and MARCIA FONTANA, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiffs-Appellees, | ) | Madison County. |
| | ) | |
| v. | ) | No. 20-AR-433 |
| | ) | |
| SUZANNE TAYLOR and BRIAN TAYLOR, | ) | Honorable |
| | ) | Ronald J. Foster Jr., |
| Defendants-Appellants. | ) | Judge, presiding. |

JUSTICE MOORE delivered the judgment of the court.
Justices Welch and Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The circuit court's order of judgment on the arbitration award is affirmed where the defendants failed to file a notice of rejection of the arbitration award and judgment was entered on the award. Further, following entry of the judgment, the circuit court did not abuse its discretion in denying a motion to file a late notice of rejection.

¶ 2    The defendants, Suzanne Taylor and Brian Taylor (Taylors), proceeding *pro se*, appeal the September 7, 2021, order of the circuit court of Madison County which entered judgment on the arbitration award against them and in favor of the plaintiffs, Duane Fontana and Marcia Fontana (Fontanas), and the September 9, 2021, order of the circuit court denying the motion to dismiss or reduce judgment. For the following reasons, we affirm the circuit court's orders of September 7, 2021, and September 9, 2021.

1

¶ 3                                     I. BACKGROUND

¶ 4      On December 7, 2020, the Fontanas filed a verified complaint for breach of contract against the Taylors. The Fontanas' complaint for breach of contract alleged the following:

> "1. The parties entered into an Office Lease on July 15, 2019, a copy of which is attached hereto as Exhibit A and incorporated herein by reference.
>
> 2. The Defendants abandoned the premises on or before May 1, 2020, 15 months prior to the end of the lease period.
>
> 3. The last payment received from the Defendants was on March 3, 2020 in the amount of the monthly rent of $1,500.00 for the month of March 2020.
>
> 4. The Defendants are in default per section 14 of the Office Lease, and Plaintiffs are entitled to the entire amount of rent due under the lease."

¶ 5      The lease provided that the Fontanas, as lessors, would rent a commercial office to the Taylors, as tenants or lessees, for a period of two years, from August 1, 2019, through July 31, 2021. In exchange for use of the leased premises, the Taylors would pay monthly rent in the amount of $1500 per month.

¶ 6      The lease contained a default provision, which stated:

> "14. DEFAULT. ***
>
> In the event that the TENANT defaults in payment of rent for a period longer than thirty (30) days or in the event that the TENANT abandons the leased premises without continuing to pay rent therefore, then, and in either event, the entire amount of rent to become due from the TENANT to the LESSOR during the entire term of this Lease shall become immediately due and payable from said TENANT to said LESSOR."

¶ 7    The defendant, Suzanne Taylor, filed a written *pro se* appearance on January 8, 2021. The same day, she filed a verified answer to the complaint which admitted the allegations contained in paragraphs one and three of the complaint and denied the allegations contained in paragraphs two and four. The common law record presented on appeal does not contain a written entry of appearance or answer on behalf of the defendant, Brian Taylor.

¶ 8    On February 11, 2021, a default judgment was entered by the circuit court against the Taylors. The Taylors filed a motion to vacate the default judgment on February 17, 2021, and it was vacated on February 22, 2021.

¶ 9    Pursuant to Illinois Supreme Court rules, the matter was subject to mandatory arbitration. The circuit court set the matter for arbitration on July 27, 2021, via Zoom.[1] The award of arbitrators was filed on July 27, 2021. The award of arbitrators indicated that "all parties participated in good faith," and made an award for the Fontanas in the amount of $24,000, with each party to bear their own costs. The award of arbitrators also indicated the rejection fee would be $200.

¶ 10    On September 2, 2021, the Fontanas filed a motion for judgment on the award entered following arbitration. The circuit court entered its order and judgment on the arbitration award on September 7, 2021.

¶ 11    The following day, Suzanne Taylor filed a *pro se* motion to dismiss or reduce the judgment amount. Her motion stated that she was unaware that she had 30 days to file a notice of rejection of the arbitration award. Additionally, she stated, "I simply cannot afford to pay the judgment of $24,000 and ask the court for leniency to reduce or forgive my debt to Mr. Fontana." On September 9, 2021, the circuit court entered an order finding that the Taylors failed to pay the rejection fee or file a rejection of the award, and denied the motion to dismiss or reduce judgment amount.

---

[1]No report of proceedings was presented as part of the record on appeal.

¶ 12    On September 28, 2021, the Taylors filed their timely notice of appeal. The notice of appeal filed by the Taylors requested the following relief: (1) "vacate the trial court's judgment *** and send the case back to the trial court for a new hearing and a new judgment"; (2) "order the trial court to: forgive or reduce the order to $10,000 with a payment plan"; or (3) "other: consideration for my business falling victim to COVID-19 pandemic without recovering. I do not hold ill will toward Duane, but I simply cannot afford to pay the judgment of $24,000 and ask the court for leniency to reduce or forgive my debt to Mr. Fontana."

¶ 13                                II. ANALYSIS

¶ 14    In their *pro se* appellants' brief, the Taylors present the following as their argument:

> "The business of the Defendant was heavily dependent on meeting clients and prospective clients face to face, the COVID-19 pandemic had devistating [*sic*] effects on her ability to produce income. Because of the limitations [on] personal contact, the Defendant was not able to drive around and prospect for business. She did try working online and even reducing her overhead costs by working at home and a small office at 1/3 the cost that she was paying the Plaintiff, but that too resulted in failure. The defendant could not afford a lawyer, and has been representing herself through this process. Because of this, she mis-filed paperwork, and even missed the Notice of Rejection to the Arbitration decision. The Defendant asks the appellate court to show leniency and favor and vacate the judgement [*sic*] order."

Reading the Taylors' brief very liberally, we construe the issues on appeal to be whether the circuit court properly entered the judgment on the award of arbitrator and whether the circuit court abused its discretion in denying the Taylors' motion to file a late notice of rejection of the arbitration award.

4

¶ 15    First, as to the September 7, 2021, judgment on the arbitration award, there is nothing contained in the record on appeal before us regarding the arbitration proceeding other than the award of arbitrators. The appellant bears the burden to present a sufficiently complete record, and this court will resolve any doubts that arise from an incomplete record against the appellant. *Lewandowski v. Jelenski*, 401 Ill. App. 3d 893, 902 (2010).

¶ 16    The Illinois Supreme Court rules governing mandatory arbitration are set forth in Rules 86 through 99. After the arbitration occurs and the award of arbitrators is filed, Illinois Supreme Court Rule 93 (eff. Oct. 1, 2021) governs the rejection of the arbitration award and request for trial. "Within 30 days after the filing of an award with the clerk of the court, and upon payment to the clerk of the court of the sum of $200 for awards of $30,000 or less \*\*\*, any party who was present at the arbitration hearing, either in person or by counsel, may file with the clerk a written notice of rejection of the award and request to proceed to trial, together with a certificate of service of such notice on all other parties." Ill. S. Ct. R. 93(a) (eff. Oct. 1, 2021).

¶ 17    Rule 92(c) provides: "Judgment on the Award. In the event none of the parties files a notice of rejection of the award and requests to proceed to trial within the time required herein, any party thereafter may move the court to enter judgment on the award." Ill. S. Ct. R. 92(c) (eff. Jan 1, 2017). In this case, after more than 30 days had elapsed, the Fontanas moved for entry of judgment on the award of arbitrators. As admitted by the Taylors, no notice of rejection had been filed, so the circuit court properly entered the judgment on September 7, 2021. Accordingly, we affirm the circuit court's September 7, 2021, order and judgment on arbitration award.

¶ 18    On September 8, 2021, Suzanne Taylor filed a *pro se* motion which she titled a motion to dismiss or reduce the judgment amount. Her motion included the statement, "I therefore beg the

5

court to hear my rejection in this motion." Despite the title of the motion, we will liberally construe the motion to be a request to extend the time for filing a notice of rejection.

¶ 19    Illinois Supreme Court Rule 183 states, "The court, for good cause shown on motion after notice to the opposite party, may extend the time for filing any pleading or the doing of any act which is required by the rules to be done within a limited period, either before or after the expiration of the time." Ill. S. Ct. R. 183 (eff. Feb. 16, 2011). Pursuant to this rule, we believe a circuit court may extend the time for filing a notice of rejection of an arbitrator's award upon a showing of good cause.

¶ 20    In this case, the motion filed by Suzanne Taylor stated, "I received the Order of Judgement [*sic*] against me, unaware that I had 30 days to file the Notice of Rejection." Our supreme court has held that "[*p*]*ro se* litigants are presumed to have full knowledge of applicable court rules and procedures, including procedural deadlines with respect to filing motions." *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 528 (2001). *Pro se* litigants "are not entitled to more lenient treatment than attorneys." *U.S. Bank Trust National Ass'n v. Junior*, 2016 IL App (1st) 152109, ¶ 16. While we are sympathetic to the Taylors' plight surrounding the COVID-19 pandemic, it was not an abuse of discretion for the trial judge to conclude that a *pro se* litigant's lack of knowledge of a rule did not constitute good cause to extend the time for filing a notice of rejection. As such, we affirm the circuit court's September 9, 2021, order denying the motion to dismiss or reduce judgment.

¶ 21    Affirmed.

6