NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 190527-U

NO. 4-19-0527

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 26, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| DANIEL IGWE, | ) | Appeal from the |
| Petitioner-Appellant, | ) | Illinois Human Rights |
| v. | ) | Commission |
| THE STATE OF ILLINOIS HUMAN RIGHTS | ) | No. 17-0157. |
| COMMISSION, THE STATE OF ILLINOIS | ) | |
| DEPARTMENT OF HUMAN RIGHTS, and APERION | ) | |
| CARE BLOOMINGTON, LLC, | ) | |
| Respondents-Appellees. | ) | |

JUSTICE HARRIS delivered the judgment of the court.
Presiding Justice Steigmann and Justice Cavanagh concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The appellate court affirmed, finding the Illinois Human Rights Commission did not abuse its discretion in sustaining the dismissal of petitioner's charges of unlawful discrimination and retaliation against his former employer.

¶ 2     Petitioner, Daniel Igwe, filed a charge of unlawful discrimination and retaliation against his former employer, Aperion Care Bloomington, LLC (Aperion). The Illinois Department of Human Rights (Department) dismissed petitioner's charges, and the Illinois Human Rights Commission (Commission) sustained the Department's dismissal. Petitioner appeals, arguing the Commission erred in sustaining the dismissal of his charges. We affirm.

¶ 3     I. BACKGROUND

¶ 4     In May 2016, pursuant to the Illinois Human Rights Act (Act) (775 ILCS 5/1-101 *et seq.* (West 2014)), petitioner perfected a charge of unlawful discrimination and retaliation

against Aperion, alleging he was: (1) harassed from May 2015 to November 2015 (counts A through E), (2) suspended on January 20, 2016 (counts F through J), (3) suspended on January 24, 2016 (counts K through O), and (4) discharged on January 27, 2016 (counts P through T), because of his ancestry, color, race, sex, and in retaliation for opposing unlawful discrimination.

¶ 5 The Department prepared an "Investigation Report" on petitioner's allegations, which revealed the following uncontested facts. In April 2015, petitioner was hired as a staff nurse by Arba Care Center (Arba), a long-term care facility. Aperion "bought Arba's facility sometime around December 2015, and [petitioner] then worked for [Aperion] as a [s]taff [n]urse." Aperion's "Abuse Prevention Program Facility Procedure" requires employees accused of abusing residents to immediately report the allegations to the administrator and to "be removed immediately until the Administrator investigates the allegations ***." The "Employee Conduct Policy" prohibits "intimidation and threatening residents." On January 20, 2016, petitioner was suspended due to an accusation, made at approximately 1:00 a.m. and not immediately reported to the administrator, of physical abuse by one of the residents. An investigation into the allegation exonerated defendant; he returned to work on January 23, 2016; and he "was re-educated on reporting abuse." On January 24, 2016, at approximately 5 a.m., a resident accused petitioner of stealing money; petitioner asked the resident if he (the resident) was serious about the accusation; the accusation was not reported to the administrator until approximately 9:00 a.m.; the subsequent investigation exonerated petitioner. On January 27, 2016, petitioner was discharged. Aperion's explanation for the discharge was that petitioner violated two employment policies after being "re-educated" on those policies, in that on January 24, 2016, petitioner (1) questioned the resident about the theft accusation, which could have been

viewed as intimidating or threatening a resident, and (2) failed to immediately report the accusation.

¶ 6        The Investigation Report recommended that counts A through E be dismissed for lack of jurisdiction, as petitioner was not an "employee" of Aperion for purposes of the Act during the relevant period. The report further recommended that the remaining counts, counts F through T, be dismissed for lack of substantial evidence, as Aperion "had a legitimate, non-discriminatory reason" to suspend and discharge petitioner: his failure to comply with the "Abuse Prevention" and "Employee Conduct" policies after being "re-educated" on those policies. The Department's director agreed with the recommendations and dismissed the charges.

¶ 7        Petitioner filed a request for review of the Department's dismissal with the Commission. The Commission sustained the dismissal of petitioner's charges, concluding that even if it were to assume petitioner established a *prima facie* case of unlawful discrimination and retaliation, Aperion acted in accordance with its written policies in suspending and discharging petitioner, and petitioner was unable to demonstrate that Aperion's explanation was a pretext for unlawful discrimination. Following the Commission's order, petitioner appealed to this court. See Ill. S. Ct. R. 335(a) (eff. July 1, 2017); 775 ILCS 5/8-111(B)(1) (West 2014) ("Any [petitioner] or respondent may apply for and obtain judicial review of a final order of the Commission entered under this Act by filing a petition for review in the Appellate Court ***.").

¶ 8        This appeal followed.

¶ 9                              II. ANALYSIS

¶ 10       On appeal, petitioner argues the Commission erred in sustaining the dismissal of his charges. Specifically, he contends the Commission erred with respect to (1) counts A through E because documents attached to the appendix of his appellant's brief show he was employed by

Aperion prior to December 2015 and (2) counts F through T because Aperion's articulated explanation for suspending and discharging him was a pretext for unlawful discrimination and retaliation.

¶ 11                              A. The Act and Standard of Review

¶ 12        The Act provides it is a civil rights violation for any employer "to engage in harassment ***, or to act with respect to discharge [or] discipline *** on the basis of unlawful discrimination ***." 775 ILCS 5/2-102(A) (West 2014). "Unlawful discrimination" means, in part, discrimination against a person because of that person's race, color, ancestry, or sex (*id.* § 1-103(Q)), while "employee" includes "[a]ny individual performing services for remuneration *** for an employer" (*id.* § 2-101(A)(1)(a)). It is also a civil rights violation to "[r]etaliate against a person because he or she has opposed that which he or she reasonably and in good faith believes to be unlawful discrimination ***." *Id.* § 6-101(A). Where "a civil rights violation allegedly has been committed, a charge *** may be filed with the Department by an aggrieved party ***." *Id.* § 7A-102(A)(1). Once a charge has been filed, "[t]he Department shall conduct an investigation sufficient to determine whether the allegations set forth in the charge are supported by substantial evidence ***." *Id.* § 7A-102(C)(1). If not supported by substantial evidence, the charge must be dismissed, and the petitioner must then be informed of his right to seek review of the dismissal order before the Commission. *Id.* § 7A-102(D)(3). If the Commission sustains the dismissal, the petitioner may appeal directly to this court from the Commission's order. *Id.* § 8-111(B)(1); Ill. S. Ct. R. 335(a) (eff. July 1, 2017).

¶ 13        This court reviews the Commission's order for an abuse of discretion. *Young v. Illinois Human Rights Commission*, 2012 IL App (1st) 112204, ¶ 32, 974 N.E.2d 385. "Under the abuse of discretion standard, the court should not disturb the Commission's decision unless it is

- 4 -

arbitrary or capricious" or "where no reasonable man could agree with the position of the [Commission]." *Id.* ¶ 33. "A decision is arbitrary or capricious if it contravenes legislative intent, fails to consider a critical aspect of the matter, or offer[s] an explanation so implausible that it cannot be regarded as the result of an exercise of the agency's expertise." *Id.*

¶ 14                                    B. The Commission Did Not Err in
                                Sustaining the Dismissal of Petitioner's Charges

¶ 15        Petitioner challenges the Commission's order on two bases: first, petitioner argues the documents attached to the appendix of his appellant's brief demonstrate he was employed by Aperion prior to December 2015; second, petitioner argues there was substantial evidence that Aperion's articulated explanation for suspending and discharging him was a pretext for unlawful discrimination and retaliation.

¶ 16                                    1. *The Dismissal of Counts A Through E*
                                            *for Lack of Jurisdiction*

¶ 17        Petitioner argues the Commission erred in sustaining the dismissal of counts A through E based on a finding of lack of jurisdiction because certain documents—in particular, paystubs—attached to the appendix of his appellant's brief demonstrate he received remuneration from Aperion prior to December 2015 and, therefore, was an "employee" of Aperion for purposes of the Act. However, we are prohibited from considering these documents because they were not before the Commission and are not part of the record on appeal. See, *e.g.*, *In re Estate of Matthews*, 409 Ill. App. 3d 780, 783, 948 N.E.2d 187, 191 (2011) ("[I]t is well established that the record on appeal cannot be supplemented by attaching documents to the appendix of a brief."); 735 ILCS 5/3-110 (West 2018) ("No new or additional evidence in support of or in opposition to any finding, order, determination[,] or decision of the administrative agency shall be heard by the court."). Thus, as this is the only argument petitioner

raises on appeal with respect to the Commission's finding that it lacked jurisdiction, we find the Commission did not abuse its discretion.

¶ 18                          2. *The Dismissal of Counts F Through T*
                              *for Lack of Substantial Evidence*

¶ 19          Petitioner also argues the Commission erred in sustaining the dismissal of counts F through T because the investigation uncovered substantial evidence that Aperion's explanation for suspending and discharging him was a pretext for unlawful discrimination and retaliation.

¶ 20          An allegation of unlawful discrimination under the Act is analyzed using the three-part test articulated by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Owens v. Department of Human Rights*, 403 Ill. App. 3d 899, 918, 936 N.E.2d 623, 639 (2010). Under this test:

> "the petitioner must first establish by a preponderance of the evidence a *prima facie* case of unlawful discrimination. [Citation.] If a *prima facie* case is established, a rebuttable presumption arises that the employer unlawfully discriminated against the [petitioner]. [Citation.] Second, to rebut the presumption, the employer must articulate, not prove, a legitimate, nondiscriminatory reason for its decision. [Citation.] Third, if the employer articulates such a reason, the plaintiff must prove, again by a preponderance of the evidence, that the employer's reason was untrue and was a pretext for discrimination. [Citation.]" *Id.* at 918-19.

"To prove pretext, the [petitioner] must show that the employer's reason was false and that discrimination was the real reason for the action." *Sola v. Illinois Human Rights Commission*, 316 Ill. App. 3d 528, 537, 736 N.E.2d 1150, 1158 (2000). To succeed, a petitioner "must show: (1) the articulated reason has no basis in fact; (2) the articulated reason did not actually motivate

- 6 -

the employer's decision; or (3) the articulated reason was insufficient to motivate the employer's decision." *Id.* "[T]he ultimate burden of persuasion remains on the [petitioner] throughout the proceedings." *Owens*, 403 Ill. App. 3d at 919.

¶ 21    Here, in sustaining the Department's dismissal of the charges, the Commission concluded as follows:

> "Assuming that [p]etitioner presented a *prima facie* case as to any [c]ount, [Aperion] asserts that it followed its written policy for handling accusations against staff by facility residents: employees are required to immediately report any such accusation to [Aperion's] administrator, and the accused employee would be suspended pending investigation (and if exonerated, paid for the time away from work). *** Petitioner has not shown that these decisions were pretextual."

We find the Commission did not abuse its discretion in concluding petitioner failed to show Aperion's articulated explanation for suspending and discharging him was a pretext for unlawful discrimination.

¶ 22    According to the Department's Investigation Report, Aperion's "Abuse Prevention Program Facility Procedure" requires employees to immediately report any allegation of abuse or misappropriation of resident property to the administrator. Petitioner also signed Aperion's "Abuse Prevention Policy," which states, in relevant part, "Every employee must understand that he or she may be discharged from employment if he or she does not report any incident of suspected or actual resident abuse." It is uncontested petitioner did not immediately report the allegation of abuse made against him on January 20, 2016, nor did he immediately report the allegation of theft made against him on January 24, 2016, even after he had been "re-

educated" on Aperion's abuse prevention policies following the former allegation. It is also undisputed that petitioner questioned the resident who made the allegation of theft instead of immediately removing himself from the resident's presence. Based on these facts and Aperion's written policies, it is apparent that Aperion's articulated explanation for suspending and discharging petitioner was based in fact, and petitioner fails to point to anything in the record that would support a finding of pretext by a preponderance of the evidence, let alone anything that would require this court to find the Commission's conclusion was arbitrary or unreasonable. Accordingly, we find the Commission did not abuse its discretion.

¶ 23                                    III. CONCLUSION

¶ 24            For the reasons stated, we affirm the Commission's order.

¶ 25            Affirmed.